IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1878, IN THE
SIXTY-THIRD YEAR OF THE STATE.

———————

DALY ET AL. *v.* THE NATIONAL LIFE INSURANCE COMPANY
OF THE UNITED STATES OF AMERICA.

"FOREIGN CORPORATION" DEFINED.—The statutes of this State define a
foreign corporation to be "a corporation created by or under the laws of
any other state, government or country," or one "not incorporated or
organized in this State."

SAME.—*Insurance Company Created by Act of Congress.*—An insurance com-
pany created by an act of Congress is a foreign corporation subject to the
requirements of the statute of this State approved June 17th, 1852, "re-
specting foreign corporations and their agents in this State." 1 R. S. 1876,
p. 373.

SAME.—*Congress as a Local Legislature.*—*Constitutional Law.*—An act of
Congress creating a private corporation is the act of Congress as the local
Legislature of the District of Columbia; as Congress can not, under the
federal constitution, as the Congress of the United States, create a private
corporation.

SAME.—*Act Regulating Foreign Insurance Companies.*—*Repeal of Statute.*—
*Foreign State.*—The act of December 21st, 1865, "regulating foreign insur-
ance companies," etc., 1 R. S. 1876, p. 594, applies to insurance companies
"incorporated by any other State than the State of Indiana" and those
"incorporated by any government foreign to the United States," but not

Daly *et al. v.* The National Life Ins. Co. of the United States of America.

to those created by Congress ; and, as to the latter class of companies, such act does not repeal said act of June 17th, 1852.

SAME.—*Loaning Money.*—Said act of December 21st, 1865, does not so apply to foreign insurance companies, as to enable them to loan money through their agents, in this state, without complying with the provisions of said act of June 17th, 1852.

SAME.—*Foreclosure of Mortgage by Foreign Corporation.*—*Failure to comply with Act Concerning Foreign Corporations and Agents.*— *Plea in Abatement.*—In an action by an insurance company created by an act of Congress, to foreclose a mortgage on lands in this State, executed by a husband and wife to secure the payment of a loan made to the husband by the plaintiff through its local agent in this State, and to recover the mortgage debt, it is a good answer as a plea in abatement, to allege the failure of the plaintiff and its agent to comply with the requirements of said act of June 17th, 1852.

SAME.—*Effect of such Failure.*—Such failure does not render the mortgage void, but merely suspends the right to foreclose it until the provisions of such act shall have been complied with.

SAME.—*Loan by Insurance Company.*—*Charter.*—*Ultra Vires.*—A section of the charter of such insurance company, authorizing it to invest its capital, etc., in " bonds, and mortgages on unencumbered real estate," sufficiently authorized the taking of the mortgage in suit.

SAME.—*Husband and Wife.*—*Quieting Title.*—A failure to comply with the requirements of said act of June 17th, 1852, is not sufficient ground to sustain a cross complaint by the wife, the owner of the mortgaged premises, to have the mortgage declared null and void and to quiet her title against it.

SAME.—*Set-Off.*—A cross complaint in the nature of a set-off, for moneys alleged to be due and owing from such plaintiff to the husband, may properly be pleaded in such action.

Dissenting opinion by BIDDLE, J.

From the Tippecanoe Circuit Court.

*W. C. Wilson* and *J. H. Adams,* for appellants.

*J. L. Miller* and *M. Jones,* for appellee.

HOWK, C. J.—This was an action by the appellee, as plaintiff, against the appellants, as defendants, to recover the amount of a note executed by the appellant Owen Daly, to the appellee, and to foreclose a mortgage executed by said Daly and his wife, to secure the payment of said note, on certain real estate in Tippecanoe county. The other ap-

pellants were made parties defendants, as junior mortgagees.

The appellants separately and severally demurred to the appellee's complaint, upon the ground that it did not state facts sufficient to constitute a cause of action, and because the appellee had no legal capacity to sue; which demurrers were severally overruled, and to these decisions the appellants separately excepted.

The appellants Owen Daly and Catharine Daly, his wife, jointly answered in three affirmative paragraphs; the fourth paragraph was in the nature of a cross complaint by the appellant Catharine Daly, and the fifth paragraph was a set-off by the appellant Owen Daly.

The appellee demurred "separately to the first, second and third paragraphs of the joint answer of the defendants Owen and Catharine Daly, and to the separate answers of each of said defendants, and assigns for cause, that they, nor either of them, state facts sufficient to constitute a defence to the plaintiff's complaint;" which demurrer was sustained by the court as to each of said paragraphs or answers, to which decisions the appellants Owen and Catharine Daly severally excepted.

The other appellants made default, and, the appellants Owen and Catharine Daly refusing to answer further, a finding and judgment were made and rendered in favor of the appellee, for the amount of the note in suit, and for the foreclosure of the mortgage and the sale of the mortgaged property, etc., as prayed for in the appellee's complaint.

In this court, the appellants Owen and Catharine Daly have assigned as errors the decisions of the circuit court in overruling their demurrer to the complaint, and in sustaining the appellee's demurrer to the several paragraphs of their answer.

We will consider and decide the several questions presented by these alleged errors, in the order of their assignment.

1.   In their argument of this cause in this court, the appellants' counsel have not even alluded to the alleged error of the court, in overruling their demurrer to the complaint.   The error, if it existed, is therefore waived.

2.   In the first paragraph of their joint answer, the appellants Owen and Catharine Daly admitted the execution of the notes and mortgage described in the complaint, but they alleged, in substance, that the appellee ought not to recover judgment thereon, because they said that the appellee was a corporation created by an act of the Congress of the United States of America, approved July 25th, 1868, a copy of which act was filed with and made part of said paragraph; that the appellee, after its organization, to wit, on the 10th day of January, 1872, at the city of Lafayette, Indiana, received of said appellants said notes and mortgage, and that the appellee was then and there transacting business by one William J. Cunningham, local agent of the appellee for Lafayette aforesaid; that, on said 10th day of January, 1872, the execution and delivery of said notes and mortgage to the appellee, through the agency and employment of said William J. Cunningham, was wholly unlawful, in this, that at no time before the execution of said notes and mortgage, nor at any time since, while he acted as such agent, did the said William J. Cunningham deposit in the clerk's office of Tippecanoe county, Indiana, the power of attorney, commission, appointment or other authority, under or by virtue of which he acted as agent of the appellee, nor did said Cunningham, before or since transacting said business with said appellant Owen Daly file with the clerk of the circuit court of Tippecanoe county, Indiana, a duly authenticated order, resolution or other sufficient authority of the board of directors or managers of the appellee corporation, authorizing citizens or residents of this State having a claim or demand against such corporation, arising out of any transaction in this State with such agent, to sue for and maintain

an action in respect to the same in any court of the State of competent jurisdiction, and further authorizing service of process in such action on such agent to be valid service or such corporation, and that such service shall authorize judgment and all other proceedings against such corporation; nor did said corporation appellee, nor any one else for said appellee or said Cunningham, file as aforesaid either of the papers aforesaid, as required by law. Wherefore said appellants said, that said notes and mortgage were illegal and void, and the appellee ought not to recover judgment thereon as asked in its complaint.

This paragraph of answer, as is manifest from its averments, was founded upon the provisions and requirements of the 1st and 2d sections of "An act respecting foreign corporations and their agents in this State," approved June 17th, 1852. 1 R. S. 1876, p. 373. The paragraph is a good defence, not in bar, but in abatement of the action as one prematurely brought, if the appellee was and is a foreign corporation. The notes and mortgage were not void by reason of the non-compliance of the appellee and its agent, Cunningham, with the requirements of the act cited; but, if the appellee was a foreign corporation, and if, at the commencement of this suit, neither the appellee nor its agent had complied with the provisions of the statute, then this action was prematurely brought, and, for this reason, it must abate. *The Walter A. Wood Mowing, etc., Machine Co.* v. *Caldwell,* 54 Ind. 270.

For the purposes of this case, it is admitted by the appellee's demurrer to the first paragraph of the answer, that, when this suit was commenced, neither the appellee nor its agent had complied with the requirements of the foreign corporations act, before cited. So far as this paragraph of answer is concerned, therefore, the only question for our decision is this : Was and is the appellee a foreign corporation, within the meaning of the statutes of this State ?

In section 1 of the foreign corporations act above cited, the General Assembly of this State has indicated, in plain language, what are foreign corporations within the purview of the act. They are corporations " not incorporated or organized in this State." In article 40, section 681, of the practice act, the Legislature has again defined a foreign corporation as " a corporation created by or under the laws of any other state, government or country." 2 R. S. 1876, p. 281.

The appellee was not incorporated or organized in this State, but it was and is a corporation created by and under the laws of another government, to wit, that of the United States. The appellee was incorporated by an act of the Congress of the United States, and its counsel claim, that, for this reason, it is " governed by a law paramount to the laws of this State." The United States is a government whose powers are limited by the constitution of the United States. The Congress of the United States, in so far as it legislates for that government, has neither the right nor the power to incorporate a private corporation, such as is the appellee. In addition, however, to the power conferred upon Congress by the constitution of the United States, to legislate for that government, it is expressly provided in that instrument that the same Congress shall have power " To exercise exclusive legislation, in all cases whatsoever, over such district (not exceeding ten miles square) as may, by cession of particular states and the acceptance of Congress, become the seat of the government of the United States." Under this provision of the constitution, the Congress became and was the local Legislature of the District of Columbia, and as such, and as such only, it had the right and the power to provide for the incorporation of a private corporation, such as the appellee, within and for said District. Although the statute under which the appellee became incorporated was enacted by the Congress of the United States, yet, in its enactment, Congress was acting;

and could only act, as the Legislature of the District of Columbia; and, under this statute, the appellee became and was a corporation, not of the United States, but of said District.

This *status* of the appellee, as a corporation, is recognized by Congress, in section 10 of the act under which it was incorporated, in which section it was expressly stipulated, that the " local habitation," the office of the appellee, " shall be located in the city of Washington, in the District of Columbia." Not only so, but while the appellee is authorized to " establish branches or agencies elsewhere," it was further stipulated in said section 10, that this should be done " subject to the laws of the states respectively in which they may be established." It seems very clear to us, that the appellee was and is a foreign corporation, within the purview and meaning of the act before cited, " respecting foreign corporations and their agents in this State."

The point is made by the appellee's attorneys, in their brief of this cause, " that the act of December 21st, 1865, in relation to foreign insurance companies, supersedes and repeals the general act of June 17th, 1852," before cited, " respecting foreign corporations and their agents in this State."

The act of December 21st, 1865, regulating foreign insurance companies, contained no repealing clause or section. If, therefore, it repealed any prior legislation, it was not an express repeal, but a repeal by implication. Such a repeal—a repeal by implication—arises where the later legislation is clearly inconsistent, and in conflict, with the provisions of the older statute. Where the two enactments are irreconcilable, one with the other, the later statute stands, and operates as a repeal of the prior enactment, to the extent, and only to the extent, of the conflict between the two statutes.

The act of December 21st, 1865, by its express terms, is

applicable to two classes of foreign insurance companies, and to their transaction of a particular business within the State of Indiana; and that far forth the provisions of that act supersede, and virtually repeal, as the later expression of the legislative will, so much of the foreign corporations act of June 17th, 1852, as is in conflict with those provisions. But if the appellee is a foreign insurance company, which does not fall within either of the two classes of such companies mentioned in the later act, or if the appellee, in its dealings with the appellants, was engaged in a business, the transaction of which the later act did not attempt to regulate or restrain, in either event it can not be said, as it seems to us, that the provisions of the act of December 21st, 1865, as applicable to the case at bar, have superseded or repealed, or in any manner impaired, any of the requirements of the act of June 17th, 1852, respecting foreign corporations or their agents in this State.

The appellee was a foreign insurance company; but, as we have said, it did not fall within either of the two classes of foreign insurance companies, mentioned in the act regulating such companies, doing business in this State, approved December 21st, 1865. 1 R. S. 1876, p. 594.

The 1st section of said act relates to companies "incorporated by any other State than the State of Indiana."

Section 2 of said act contains provisions in relation to companies "incorporated by any government foreign to the United States." The appellee was not "incorporated by any other State than the State of Indiana," nor "by any government foreign to the United States;" therefore it is clear, that the act of December 21st, 1865, was not applicable to the appellee. The act in question attempted, and was intended, to regulate foreign insurance companies, only in the transaction of the "business of insurance," and of no other business; therefore it is clear, that the provisions of said act were not applicable to the transaction

of the particular business mentioned and described in the first paragraph of the appellants' answer.

In conclusion, therefore, we hold, that the appellee was and is a foreign corporation, within the purview and meaning of the act of June 17th, 1852, respecting foreign corporations and their agents in this State, and bound to comply with the requirements of that act; and, as the first paragraph of the appellants' joint answer stated very clearly the non-compliance of the appellee and its agent with those requirements, we think that the appellee's demurrer to that paragraph ought to have been overruled.

3. The second paragraph of the appellants' joint answer sets up substantially the same matters which are stated in the first paragraph of said answer; and it contains some additional matters in relation to the issue of a policy of insurance by the appellee on the life of the appellant Owen Daly, etc, which we regard as immaterial.

For the reasons given by us in considering the sufficiency of the first paragraph of said answer, we think that the circuit court erred in sustaining the appellee's demurrer to the second paragraph of said joint answer.

4. In the third paragraph of their joint answer, the appellants Owen and Catharine Daly alleged, in substance, that they admitted the execution of the notes and mortgage set forth in appellee's complaint, but they said, that the appellee ought not to maintain an action thereon, because the appellee was a corporation organized under an act of Congress approved July 25th, 1868, a copy of which act was filed with and made part of said paragraph of answer; that said notes and mortgage were not executed by them as the evidence of, or security for, any loan of money or other thing of value previously contracted, for money due to the appellee from said appellants, or either of them, but that the same were the first and original transaction between the appellee and the appellant

Owen Daly, and were for the original loan of money therein made by the appellee to the said Owen Daly; and the appellants averred, that the appellee had no authority, by virtue of its said charter, to make said loan and take said notes and mortgage set forth in the complaint, and that said notes and mortgage were wholly void, for want of such authority. Wherefore the appellants said that the appellee ought not to maintain this action.

It will be seen from the averments of this paragraph, that the appellants claim therein, that the acts of the appellee in making the loan to the appellant Owen Daly, and in taking the notes and mortgage in suit as evidence of and security for such loan, were *ultra vires*, and therefore wholly void. In support of this position, the appellants' counsel rely upon a clause of the fifth section of the appellee's charter, wherein it is provided that it shall be lawful for the appellee " to purchase, hold and convey such real estate," among others, " as shall have been mortgaged to it, in good faith, by way of security for loans previously contracted for moneys due." If the appellee derived its powers to loan its money, and to accept of mortgaged security therefor, solely from the fifth section of its charter, there might be room, perhaps, for questioning the validity of the notes and mortgage in suit, under the facts alleged in the third paragraph of the answer. But, in section 6 of its charter, the appellee was expressly authorized to invest its capital, profits and surplus funds in such securities, and in such manner, as it might elect, and it was required to invest its re-insurance fund, among other securities, in " bonds, and mortgages on unincumbered real estate." It is very clear, we think, that the acts of the appellee in making the loan to Owen Daly, and in accepting his notes and the appellants' mortgage therefor, were not *ultra vires*, and were not therefore void.

5. The fourth paragraph is a separate cross complaint

by the appellant Catherine Daly, in which she alleged, in substance, that the mortgaged property was her separate estate, and that the mortgage. in suit was a cloud upon her title; that the mortgage was void, upon two grounds:

1.    That the appellee's acts in making the loan, and in taking the notes and mortgage, were *ultra vires;* and,

2.    By reason of the non-compliance of the appellee and its agent, Cuñningham, with the requirements of the foreign corporations act of June 17th, 1852.

The notes and mortgage, as we have seen, were not void upon either of these grounds, and therefore the appellee's demurrer to the cross complaint of said Catharine Daly was properly sustained.

6. In the fifth paragraph, the appellant Owen Daly, by way of cross complaint against the appellee, separately alleged, in substance, that the appellee was indebted to him, said Owen Daly, in the sum of two hundred and eight dollars and forty-one cents, for money had and received on or about the 18th day of January, 1872, by the appellee of said appellant, which said sum, with interest thereon, was due and owing by the appellee to said appellant, and said appellant demanded judgment for three hundred dollars, and for general relief.

This paragraph was a cross action, in the nature of a set-off against the appellee's cause of action. It was not, and did not purport to be, a defence to the suit of the appellee.    The paragraph was sufficient, upon the appellee's demurrer thereto for the want of facts, to constitute a good cross action.    *Claflin* v. *Dawson,* 58 Ind. 408; and *Boil* v. *Simms,* 60 Ind. 162.

Probably a motion to make the paragraph more specific, or a motion for a bill of particulars, if either had been made, ought to have been sustained; but we think that the appellee's demurrer to the paragraph was erroneously sustained.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to overrule the demurrer as to the first, second and fifth paragraphs of the answer, and for further proceedings in accordance with this opinion.

### DISSENTING OPINION.

BIDDLE, J.—I can not concur with my brother judges in holding that "The National Life Insurance Company of the United States of America," created by an act of Congress, is a foreign corporation, within the meaning of the acts of the General Assembly of this State.

I do not discuss the power of Congress to incorporate an insurance company; there is no such question before us. The corporation exists; the appellants have recognized it by contracting with it, and have not denied its existence. Their answers admit its existence and validity. Indeed, its validity can only be questioned by a direct proceeding instituted for that purpose. *The Brookville and Greensburg Turnpike Co.* v. *McCarty,* 8 Ind. 392; *The President and Trustees of Hartsville University* v. *Hamilton,* 34 Ind. 506; *The Adams Express Co.* v. *Hill,* 43 Ind. 157.

The act approved June 17th, 1852, is entitled "An act respecting foreign corporations and their agents in this State." It does not mention insurance companies either in the title or the body of the act. The title of the act approved December 21st, 1865, is as follows :

"An act regulating foreign insurance companies doing business in this State ; prescribing the duties of the agents thereof and of the Auditor of State in connection therewith, and providing penalties for the violation of this act."

The latter law embraces the particular subject which falls within the general subject of the former act, and must be held to repeal the former act, as to that particular subject. Such I understand to be the

true rule in interpreting statutes. *Place* v. *The State,* 8 Blackf. 319; *The President and Directors of the Peru and Indianapolis R. R. Co.* v. *Bradshaw,* 6 Ind. 146; *The State* v. *Horsey,* 14 Ind. 185; *DePauw* v. *The City of New Albany,* 22 Ind. 204; *Blakemore* v. *Dolan,* 50 Ind. 194. Besides, this court has already held that the act of December 21st. 1865, is a substitute for the act of June 17th, 1852, as far as foreign insurance companies are involved, and as to such companies repeals the former act. *Hoffman* v. *Banks,* 41 Ind. 1; *The Farmers and Merchants Ins. Co.* v. *Harrah,* 47 Ind. 236; *The Walter A. Wood Mowing, etc., Machine Co.* v. *Caldwell,* 54 Ind. 270. Yet, if I understand the opinion of a majority of this court, it rests the validity of the first and second paragraphs of the appellants' answer on the act of June 17th, 1852, and holds that the appellee is not included in the act of December 21st, 1965. As the whole subject of insurance companies was re-enacted in the latter act, and as this court has held that the latter act, as to insurance companies, is a substitute for and repeals the former act as to insurance companies, the conclusion would follow that the appellee is not under any restriction to sue in this State, by either of the acts mentioned.

The act of December 21st, 1865, having re-enacted the whole subject of foreign insurance companies, and essentially changed the provisions touching foreign insurance companies, from those concerning foreign corporations in the act of June 17th, 1852, I hold, that the latter act, as to foreign insurance companies, repeals the former act.

So far, and for these reasons, I am constrained to dissent from my learned brothers.