No. 14,149.

## THE STATE *v.* BRIGGS.

INSURANCE.—*Foreign Corporation.—Agent of.—Failure to Comply with Statute.—Misdemeanor.—Word " State" Includes District of Columbia.—Statute Construed.*—The District of Columbia is a " State " within the meaning of section 3765, R. S. 1881, making it unlawful for the agent of " any insurance company incorporated by any other State than the State of Indiana " to transact business in this State without first complying with the requirements of such statute. *Daly* v. *National Life Ins. Co.*, 64 Ind. 1, distinguished.

From the Sullivan Circuit Court.

*L. T. Michener,* Attorney General, *S. W. Axtell,* Prosecuting Attorney, *W. C. Hultz, W. S. Maple* and *T. J. Wolfe,* for the State.

*J. S. Bays,* for appellee.

NIBLACK, C. J.—This was a prosecution under section 3771 for a violation of the provisions of section 3765, R. S. 1881, having relation to the business of insurance, and was based upon an affidavit and an information filed upon it.

The affidavit, as well as the information, charged that Fred Briggs, on or about the 1st day of October, 1886, at the county of Sullivan, in this State, did then and there transact certain business of insurance as an agent of a certain foreign insurance company incorporated by a State other than the State of Indiana, to wit, incorporated by and under the laws of the District of Columbia, and did then and there, as such agent, unlawfully take a certain risk, and issue a certain policy of insurance, in the name of said company, known as the Chesapeake Fire Insurance Company, to one John J. McKinney, in the sum of $1,250, to secure him, the said McKinney, against loss by fire on a certain particularly described stock of goods, wares and merchandise situate in a building in said county of Sullivan, and did then and there receive of

and from him, the said McKinney, the sum of $18.75 as the premium on said policy of insurance, he, the said Fred Briggs,· not having, before the time of transacting such business of insurance, and before taking such risk and issuing such policy of insurance, obtained a certificate of authority from the auditor of state of the State of Indiana, and without having first filed such a certificate of authority and a certified copy of the statement on which it was obtained, in the office of the clerk of the Sullivan Circuit Court.

The defendant moved to quash the affidavit and information, upon the ground that the District of Columbia is not a State, and hence not a State other than the State of Indiana, within the meaning of section 3765, R. S. 1881, referred to, and his motion was sustained, whereby he was discharged.

So much of section 3765 as is material to this controversy is as follows:

"It shall not be lawful for any agent or agents of any insurance company incorporated by any other State than the State of Indiana, directly or indirectly, to take risks or transact any business of insurance in this State, without first producing a certificate of authority from the auditor of state; and, before obtaining such certificate, such agent or agents shall furnish the said auditor with a statement, under oath, of the president or the secretary of the company for which he or they may act, which statement shall show: *First.* The name and locality of the company. *Second.* The amount of its capital stock. *Third.* The amount of its capital stock paid up. *Fourth.* The assets of the company; * * * * * * * *Fourteenth.* The act of incorporation of such company."

This statement, together with a written instrument authorizing such agent or agents to acknowledge the service of process for and on behalf of such company, is required to be filed in the office of the auditor of state, and the agent or agents receiving such a certificate shall file the same, together with a certified copy of the statement upon which it was obtained, in the office of the clerk of the circuit court of the

county in which it is proposed to establish an agency for the transaction of insurance business.

Section 3771 makes a violation of the provisions of the foregoing section, as well as other accompanying sections, a misdemeanor punishable by fine or imprisonment, or both, in the discretion of the court having jurisdiction of the offence.

The seventh subdivision of section 240, R. S. 1881, provides that "The word 'State,' applied to any one of the United States, shall include the District of Columbia and the several Territories; and the words 'United States' shall include the said District and Territories," and this rule of statutory construction has prevailed since the 6th day of May, 1853. 2 R. S. 1876, 316.

The District of Columbia is, consequently, a "State" within the meaning of section 3765, of which we have given a synopsis as above.

The case of *Daly* v. *National Life Ins. Co.*, 64 Ind. 1, is cited as holding a different doctrine, and hence as sustaining the decision of the circuit court. That case involved the question as to whether a statute enacted on the 17th day of June, 1852, was impliedly repealed by the later act of December 21st, 1865, as applicable to a contract made with an insurance company, and therefore the question for decision then before the court was not the same as in the present case. For that reason no inference can properly be drawn from that case which is decisive of the question now presented, or which can rightfully be construed as leading to the conclusion reached by the circuit court.

The judgment is reversed, with costs, and the cause is remanded for further proceedings.

Filed Oct. 24, 1888.