Jerry D. RICHEY, Petitioner,

v.

**INDIANA DEPARTMENT OF STATE
REVENUE, Respondent.**

No. 82T10–9206–TA–00036.

Tax Court of Indiana.

June 3, 1994.

Jerry D. Richey, pro se.

Pamela Carter, Atty. Gen., Douglas J. De-Glopper, Deputy Atty. Gen., Indianapolis, for respondent.

FISHER, Judge.

Does the State of Indiana, under the current constitutional and statutory framework of income taxation, possess the authority to tax the Indiana adjusted gross income of an individual Indiana resident? Although the question may suggest its own· answer to most, it has nonetheless led the Petitioner, Jerry Richey, on a quest for the tax protestor's grail—a court ruling that income taxation in this state and this country is void *ab initio.* Alas, no Merlin's magic or Excalibur can aid Richey's quest: Indiana has the authority to tax Richey's adjusted gross income.

### DISCUSSION AND DECISION

■  The constitutional legitimacy of the general assembly's decision to tax income is beyond dispute. The right to tax is a crucial attribute of sovereignty. *See M'Culloch v. Maryland* (1819), 17 U.S. (4 Wheat) 316, 428, 4 L.Ed. 579, 607. The power to tax rests solely with the legislature, and is subject only to constitutional limitations. *Bielski v. Zorn* (1994), Ind.Tax, 627 N.E.2d 880, 884. Moreover, Article X, Section 8 of the Indiana Constitution provides: "The general assembly may levy and collect a tax upon income, from whatever source derived, at such rates, in such manner, and with such exemptions as may be prescribed by law."

■  Richey does not directly challenge the authority of the Indiana General Assembly or the validity of Article X, Section 8. Rather, he contends that his income is exempt from taxation.

A pipe fitter by trade, Richey resides in Gibson County, Indiana, and has lived in Indiana since birth. His claim to exemption, though, rests in part on the rather stunning proposition that he is a non-resident of Indiana for adjusted gross income tax purposes. Specifically, he claims he is not a resident of the United States and therefore not a resident of Indiana.

Indiana's Adjusted Gross Income Tax Act of 1963 [1] provides:

When used in IC 6–3, the term 'adjusted gross income' shall mean the following: (a) In the case of all individuals, 'adjusted gross income' (as defined in Section 62 of the Internal Revenue Code [26 U.S.C. § 62] ), modified as follows:

(1) *Subtract income that is exempt from taxation under IC 6–3 by the Constitution and statutes of the United States.*

IND.CODE 6–3–1–3.5 (emphasis added). Under 26 U.S.C. § 911, income earned in foreign countries by United States citizens or residents is exempt from federal income tax. Relying on this act of Congress, Richey claims he lives in a foreign country and that his income is therefore exempt from both federal and state tax. Although there are times when the denizens of the nation's capitol seem separated by a wide gulf from those who sent them there, Richey's entire appeal sails straight through that gulf and on to *terra incognita.*

### A.   RESIDENCY

The nexus of Richey's appeal is that the phrase "United States" refers, neither to the Union of the 50 States, nor to the government of that Union, but rather only to the District of Columbia, because the United States Congress has direct legislative control over the District of Columbia. *See* U.S. CONST., art. 1, § 8. According to Richey, since "United States" refers only to the District of Columbia, then Indiana and all the other states are foreign countries *vis a vis* the "United States," and Richey is therefore not a citizen or resident under federal or state law.

This view completely ignores Article 1, Section 1 of the United States Constitution, which vests legislative authority for the entire country in the United States Congress. It also ignores the plain language and import of the Fourteenth Amendment to the United States Constitution, which provides in pertinent part that "[a]ll persons born or naturalized ·in the United States, and subject to the jurisdiction thereof, *are citizens of the United States and of the State wherein they reside.*" U.S. CONST., amend XIV, § 1, cl. 1 (emphasis added). Unless the word "State"

---

1.  IND.CODE 6–3–1 through IND.CODE 6–3–7.

refers to a subdivision of the District of Columbia, and every schoolchild knows it does not, the construction Richey places on "United States" is simply impossible.

On a less lofty plane than the organic law of the United States is IND.CODE 6–3–1–12. This statute defines "resident" for Indiana adjusted gross income tax purposes as "any individual who was domiciled in this state during the taxable year.... " Richey has been domiciled in this state since birth. *See Webster's Third New International Dictionary* (1981), 671; *Black's Law Dictionary* (5th ed. 1979), 435–36 (both defining and discussing domicile). He is therefore an Indiana resident under IC 6–3–1–12,[2] as well as a citizen of both the United States and the State of Indiana under the Fourteenth Amendment.

### B. APPLICABILITY OF THE INTERNAL REVENUE CODE

▮ Richey correctly points out that the Preface to each current volume of the *United States Code* contains a notice by the Honorable Thomas Foley, Speaker of the United States House of Representatives, explaining which titles of the code are positive law and which are only *prima facie* evidence of the law. Richey is also correct that Title 26 (i.e., the Internal Revenue Code), has not been enacted into positive law. The conclusion he draws from these facts, however, is as fanciful as his other notions: turning once again to his "United States means the District of Columbia" argument, he claims Congress enacted the tax laws as private laws applicable only in the District of Columbia.[3]

▮ That Title 26 is not positive law simply means one must go to the appropriate volume of the *United States Statutes at Large* to be certain of the content of any given statute codified within Title 26. The statutes in the volumes of the *United States*

*Code*, the *United States Code Service*, and the *United States Code Annotated* are meant to contain the same language as the *United States Statutes at Large*, but unless Congress takes affirmative steps, the language in the various *Codes* is only *prima facie* evidence of the law. Richey, though, has not attempted to avoid tax liability by rebutting any language in Title 26 of any of the *Codes* by relying on different language in the statutes themselves. He simply assumes that because the Code language is not positive law, the tax laws have no effect on him. He is mistaken. *See* J. Myron Jacobstein, Roy M. Mersky *Legal Research Illustrated* (5th ed. 1990), 142–48 (discussing enactment and codification of federal laws).

### C. THE FEDERAL RESERVE, THE ERIE DECISION, AND THE UNIFORM COMMERCIAL CODE

In 1878, the Indiana Supreme Court decided the case of *Daly v. The National Life Insurance Co. of the United States of America* (1878), 64 Ind. 1. In *Daly,* the court stated that Congress acted, and could act only, under its authority as the District of Columbia's local legislature to incorporate a private corporation. *Id.* at 6–7. Thirty-five years later, during the first Wilson administration, Congress passed the Federal Reserve Act, which created the Federal Reserve System. 38 Stat 6 (1913). Like the Internal Revenue Code, the Federal Reserve Act is a public law—Public Law 43 of the 63rd Congress. *See id.*

Notwithstanding that the Federal Reserve Act is a public law, Richey combines the holding in *Daly* with his "United States means District of Columbia" thesis to claim that the Federal Reserve is a private corporation having legal status only in the District of Columbia. This leads him to conclude that

---

**2.** "Individual," as used within IC 6–3–1–12, refers to a natural person. IND.CODE 6–3–1–9. The court takes judicial notice that Richey is a natural person.

**3.** A law addressed to the District of Columbia is not necessarily a private law: private laws operate only towards few or selected individuals or localities. A law generally applicable in the District of Columbia is no less a public law than a

law generally applicable throughout the United States. *See Garner v. Teamsters, Chauffeurs & Helpers Local Union No. 776* (1953), 346 U.S. 485, 494, 74 S.Ct. 161, 168, 98 L.Ed. 228, 241 (discussing public and private laws). Even more important, Congress classifies its Acts as public or private, and the Internal Revenue Code of 1954 is a public law. *See* 68A Stat. 736 (1954).

United States currency is not subject to state taxation because the federal reserve notes that constitute American currency are United States securities or commercial paper under the Uniform Commercial Code (the UCC), issued by the private Federal Reserve. In other words, Richey is willing to accept United States dollars as his income, but prefers to view those same dollars as foreign play money when taxation is at issue.

■ Federal obligations are generally exempt from state taxation. *See Fort Wayne Nat'l Corp. v. Indiana Dep't of State Revenue* (1993), Ind.Tax, 621 N.E.2d 668, 674 (citing 31 U.S.C. § 3124(a)). Federal reserve notes, however, are not federal obligations within the meaning of the exemption. Instead, like other types of U.S. currency and coins, they are "legal tender for *all* debts, public charges, *taxes,* and dues." 31 U.S.C.A. § 5103 (West 1983) (emphasis added). This includes Richey's taxes.

Next, Richey stretches the bounds of both lucidity and judicial tolerance past their breaking point by claiming that the landmark decision of the United States Supreme Court in *Erie Railroad Co. v. Tompkins* (1938), 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 stands for the proposition that the States of the Union are mere private corporations governed by the provisions of the UCC. True enough, *Erie* makes difficult reading for first year law students, but even a cursory reading by a lay person reveals the UCC is entirely unrelated to the case.[4] And even given that the concepts in the decision might seem totally alien to Richey, surely a man who has done the legal research Richey has should know that the National Conference of Commissioners on Uniform State Laws and the American Law Institute did not promulgate the first official text of the UCC until September 1951, thirteen years *after* the *Erie* decision. *See* James J. White, Robert S. Summers 1 *Uniform Commercial Code* 1–6 (3d ed. 1988). *See, generally, Legal Research Illustrated, supra.*

Moreover, the court is not amused by the notion that Indiana is a mere private corporation governed by the UCC. On April 19, 1816, Congress passed enabling legislation to allow the people of the Indiana Territory to create "a constitution and state government ... [which] when formed, shall be admitted into the union upon the same footing with the original states...." *Act of Congress,* April 19, 1816, *quoted in* IND.CODE ANN., *Constitutions* (West 1985), at 102. Several weeks later, on June 10, 1816, a state constitutional convention accepted the provisions of the enabling act, and before the year was over, Congress accepted Indiana into the Union by passing the following resolution: "[T]he state of Indiana shall be one, and is hereby declared to be one, of the United States of America, and admitted into the union on an equal footing with the original states, in all respects whatever." *Joint Resolution of Congress,* December 11, 1816, *quoted in* IND.CODE ANN., *Constitutions* (West 1985), at 106.

The American experiment with constitutional government is one of the great triumphs of Western political thought: to equate the Union that lies at the heart of that triumph with a group of private corporations is nothing more than a poorly veiled, mean-spirited excuse to evade taxes. Indiana is a sovereign State within the Union.

## D. INDIANA ADJUSTED GROSS INCOME TAX

■ Finally, Richey cites two Indiana decisions for the idea that the adjusted gross income tax does not reach his income. First, he claims the Indiana Appellate Court's 1934 decision in *Owen v. Fletcher Savings & Trust Building. Co.* (1934), 99 Ind.App. 365, 189 N.E. 173, prohibits taxation of income earned in a trade, in Richey's case, pipe fitting. Needless to say, *Owen* does no such thing:

An income tax is distinguished from other forms of taxation, in that it is not levied upon ... the operation of a trade, or business, or subjects employed therein, nor upon the practice of a profession, the pursuit of a trade or calling, but upon the

---

4. In *Erie,* the Court held that "[e]xcept in matters governed by the Federal Constitution or by acts of Congress, the law to be applied [by a federal court] in any case is the law of the state. There is no federal general common law." *Id.* at 78, 58 S.Ct. at 822, 82 L.Ed. at 1194.

acquisitions of the taxpayer arising from one or more of these sources or from all combined. It is not a tax on property, and a tax on property does not embrace income. An income tax is an assessment upon the income of the person and not upon any particular property from which that income is derived.

*Owen* at 375–76, 189 N.E. at 177 (quotation and citation omitted). Notwithstanding Richey's arguments to the contrary, this language simply distinguishes franchise taxes from income taxes. It does not attempt to prevent the taxation of income earned in a trade.

Richey next quotes from *Park 100 Development Co. v. Indiana Department of State Revenue* (1981), Ind., 429 N.E.2d 220, in which our supreme court stated that

> [a] brief study of the history of the Adjusted Gross Income Tax Act ... convinces us that the legislature's intention was to levy a corporate income tax on any corporate entity engaged in a business venture, even though it had joined with others in a partnership.

*Id.* at 223. Richey relies on the quoted language for the proposition that the adjusted gross income tax applies only to corporations and not to individuals. This is the end. The Indiana Adjusted Gross income tax applies to both corporations and individuals. IND.CODE 6–3–2–1. The only issue before the court in *Park 100* was one of corporate liability and the court naturally had no need to discuss individual liability or other topics irrelevant to the matter at hand.

## CONCLUSION

Richey has had his day in court, as the constitutional and statutory system he lives in allows. He has shown no entitlement to relief. Therefore, for all the foregoing reasons, the final determination of the Department is in all things AFFIRMED.