Clifford R. EIBECK, Petitioner,

v.

INDIANA DEPARTMENT OF STATE REVENUE, Respondent.

No. 49T10–0210–TA–126.

Tax Court of Indiana.

Dec. 5, 2003.

---

Clifford R. Eibeck, West Harrison, IN, Petitioner Appearing Pro Se.

Steve Carter, Attorney General of Indiana, Ted J. Holaday, Deputy Attorney General, Indianapolis, IN, for Attorneys for Respondent.

FISHER, J.

Clifford R. Eibeck (Eibeck) appeals the final determination of the Indiana Department of State Revenue (Department) which assessed a tax on his personal income for the 2000 tax year. The issue for the Court to decide is whether Eibeck's pension income is subject to Indiana's adjusted gross income tax under Indiana Code § 6–3–1–1 *et seq.* For the following reasons, the Court AFFIRMS the Department's final determination.

### FACTS AND PROCEDURAL HISTORY

Eibeck, an Indiana resident, filed an individual state income tax return for the

2000 tax year. On his return, Eibeck declared zero income. The Department subsequently assessed Eibeck for unpaid taxes on pension income he received in 2000.[1] Eibeck protested the assessment, and the Department conducted an administrative hearing on July 25, 2002. On August 8, 2002, the Department issued a Letter of Findings denying Eibeck's protest.

On October 25, 2002, Eibeck initiated an original tax appeal. This Court heard the parties' oral arguments on July 11, 2003. Additional facts will be supplied as necessary.

## ANALYSIS AND OPINION

### Standard of Review

■ This Court reviews the Department's final determinations *de novo* and is therefore not bound by either the evidence presented or the issues raised at the administrative level. *Snyder v. Indiana Dep't of State Revenue*, 723 N.E.2d 487, 488 (Ind. Tax Ct.2000), *review denied.*

### Discussion

■ Eibeck contends that the Department erroneously taxed the pension income he received in 2000. More specifically, Eibeck claims that Title 26 of the

United States Code (Title 26)[2] is not law. To support his argument, he submitted various articles obtained via the internet.[3] Eibeck also emphasizes that Title 26 has not been enacted into positive law. Accordingly, he argues Indiana's taxation scheme is not law and thus, his pension income has been erroneously taxed.[4]

■ As this Court has explained:
[The fact that] Title 26 is not positive law simply means one must go to the appropriate volume of the *United States Statutes at Large* to be certain of the content of any given statute codified within Title 26. The statutes in the volumes of the *United States Code*, the *United States Code Service*, and the *United States Code Annotated* are meant to contain the same language as the *United States Statutes at Large*, but unless Congress takes affirmative steps, the language in the various *Codes* is only *prima facie* evidence of the law.

*Richey v. Indiana Dep't of State Revenue*, 634 N.E.2d 1375, 1377 (Ind.Tax Ct.1994) (emphases in original). Because Title 26 is not positive law does not mean that Indiana's tax laws are unenforceable. Rather, the distinction between positive and nonpositive law simply means that Congress has not reenacted the valid public laws contained in the *United States Statutes at Large*, which were then codi-

---

1. Eibeck claimed zero federal and state taxable income; yet, Eibeck's Form 1099-R for 2000 indicates he received $11,965.85 of taxable pension income. (Resp't Ex. A at 4, 6, 8.) The Department assessed a tax liability on that pension income in the amount of $532.01 including penalties and interest. (Resp't Ex. C at 3.)

2. Title 26 of the United States Code (the Internal Revenue Code) codifies federal law governing taxation.

3. Eibeck submitted articles titled "Internal Revenue Code is not Law" and "Income

Tax—History and Purpose of the Amendment" without documenting the source other than stating he found them conducting a "google" search. It appears that neither article originated from an official taxing authority such as the Internal Revenue Service. (Pet'r Exs. 3 & 5.)

4. Eibeck refers to the preface of the United States Code which States:
   Titles of the United States Code which have been enacted into positive law are legal evidence of the general and permanent laws, while nonpositive law titles only establish prima facie the laws of the United States (1 USCS § 204(a)). (*See* Pet'r Ex. 8.)

fied in the *United States Code* under Title 26, into law in the codified form.[5] *See* J. MYRON JACOBSTEIN, ET AL. LEGAL RESEARCH ILLUSTRATED 150–59 (6th ed.1994) (discussing enactment, codification, and publication of federal laws).

At any rate, under the Indiana Constitution, "[t]he general assembly may levy and collect a tax upon income, from whatever source derived, at such rates, in such manner, and with such exemptions as may be prescribed by law." IND. CONST. art. X, § 8. As this Court has previously stated, "[t]he constitutional legitimacy of the general assembly's decision to tax income is beyond dispute. The right to tax is a crucial attribute of sovereignty." *Snyder*, 723 N.E.2d at 488 (quoting *Richey v. Indiana Dep't of State Revenue*, 634 N.E.2d 1375, 1376 (Ind.Tax Ct.1994) (citing *M'Culloch v. Maryland*, 17 U.S. (4 Wheat.) 316, 428, 4 L.Ed. 579 (1819))). Under its authority, the Indiana General Assembly enacted the Adjusted Gross Income Tax Act of 1963 (the Act). *See* IND.CODE § 6–3–1–1 *et seq.*

The Act defines "adjusted gross income," in the case of individuals, as the term is defined in Section 62 of the Internal Revenue Code (26 U.S.C. § 62) with certain modifications. *See* IND.CODE § 6–3–1–3.5. Thus, "adjusted gross income" is, "in the case of an individual, gross income minus ... [certain] deductions[.]" 26 U.S.C. § 62. Similarly, the Act incorporates the definition of "gross income" as

found in Section 61(a) of the Internal Revenue Code. *See* IND.CODE § 6–3–1–8. Therefore, "gross income" is "all income from whatever source derived, including (but not limited to) ... pensions." 26 U.S.C. § 61(a)(11).

The foremost goal of statutory construction is to determine and give effect to the true intent of the legislature. *Caylor–Nickel Clinic, P.C. v. Indiana Dep't of State Revenue*, 569 N.E.2d 765, 768 (Ind.Tax Ct.1991) (citations omitted), *aff'd*, 587 N.E.2d 1311 (Ind.1992). To determine the legislature's intent, the words of a statute must be read in their plain, ordinary, and usual sense. *Id.* Both the Indiana Code and United States Code clearly define "adjusted gross income" as a taxpayer's gross income minus certain deductions. *See* IND.CODE § 6–3–1–3.5; 26 U.S.C. § 62. Pensions are unambiguously included within the definition of "gross income." *See* IND.CODE § 6–3–1–8; 26 U.S.C. § 61(a)(11). Consequently, Eibeck's pension income was subject to Indiana's adjusted gross income tax.[6]

### Conclusion

For the reasons stated above, the Court AFFIRMS the Department's final determination.

---

**5.** Eibeck does not contend that the language contained in the codified version of Title 26 is inconsistent with language found in the *United States Statutes at Large*.

**6.** Interestingly, Eibeck asserts that because he claimed zero income on his federal tax return and received a federal tax refund, he was required to claim zero income on his state return because Indiana's individual income tax form (IT–40) instructs taxpayers to enter their federal adjusted gross income from their federal returns on the state form. (*See*, e.g.,

Resp't Ex. A at 4.) However, it must be remembered that tax forms are used merely as an aid for taxpayers in calculating their taxable income in accordance with the income tax laws. Therefore, calculating Indiana's adjusted gross income begins with federal taxable income as *defined* by Section 61(a) of the United States Code, not as what a taxpayer *reports* on its federal tax form. *See Cooper Indus., Inc. v. Indiana Dep't of State Revenue*, 673 N.E.2d 1209, 1213 (Ind. Tax Ct.1996).