**RJR NABISCO HOLDINGS CORPORATIONS, R.J. Reynolds Tobacco, Co., Brown & Williamson Tobacco Corp., Philip Morris, Inc., Liggett Group, Inc., Liggett & Myers, Inc., American Brands, Inc., American Tobacco Co., Loews Corp., Lorillard Corp., The Tobacco Institute, Inc., and The Counsel for Tobacco Research, Appellants–Defendants,**

v.

**Craig DUNN and Phillip Wiley, Co–Administrators of The Estate of Mildred Wiley, Deceased, and Philip Wiley, Individually, Appellees–Plaintiffs.**

No. 18A04–9401–CV–24 [1].

Court of Appeals of Indiana,
First District.

Nov. 17, 1994.

Rehearing Denied Feb. 23, 1995.

---

1. This case was transferred to this office on Octo-

ber 27, 1993, by order of the Chief Judge.

Richard D. Wagner, James G. McIntire, Kreig Devault Alexander & Capehart, David O. Tittle, Duane R. Denton, Bingham Summers Welsh & Spilman, Terrill D. Albright, Ellen E. Boshkoff, Baker & Daniels, Indianapolis, Scott Shockley, Defur Voran Hanley Radcliff & Reed, Muncie, Ralph A. Cohen, Angela K. Wade, Ice Miller Donadio & Ryan, James W. Riley, Jr., Elizabeth H. Knotts, Riley Bennett & Egloff, Douglas J. Hill, Hill Fulwider McDowell Funk & Matthews, Indianapolis, Charles W. McNagny, Hoffman, Thompson, Skekloff, Rogers & McNagny, Fort Wayne, Daniel P. Byron, Steven Hardin, McHale, Cook & Welch, Indianapolis, for appellants.

P. Gregory Cross, Cross Marshall Schuck DeWeese Cross & Feick, P.C., Muncie, Max Howard, Mark Dudley, Howard & Dudley, Anderson, Thomas J. Young, William N. Riley, Young & Riley, James H. Young, John P. Young, Joseph B. Young, William E. Young, Frederick W. Crow, Young & Young, Indianapolis, for appellees.

### OPINION

BAKER, Judge.

The question of first impression here is: where does preferred venue lie pursuant to Ind.Trial Rule 75(A)(10), when the plaintiff in a wrongful death action is an estate?

Appellants-defendants, RJR Nabisco Holdings Corporations, R.J. Reynolds Tobacco Co., Brown & Williamson Tobacco Corp., Liggett Group, Inc., Liggett and Meyers, Inc., American Brands, Inc., American Tobacco Co., Loews Corp., Lorillard Corp., The Tobacco Institute, Inc., and The Counsel for Tobacco Research (collectively Defendants), appeal the trial court's denial of their motion

to transfer the case to the alleged county of preferred venue.

## FACTS

Mildred Wiley, a Grant County resident, died of lung cancer on June 24, 1991. On May 24, 1993, the Grant County Circuit Court appointed Phillip Wiley, Mildred's husband, and Craig Dunn as co-administrators of Mildred's estate for the purpose of filing a wrongful death action. Phillip was then a resident of North Carolina. Dunn was a resident of Hamilton County, Indiana.

On May 28, 1993, Phillip and Dunn as co-administrators of the estate, and Phillip individually (collectively Estate), filed a products liability action against the Defendants. The Estate alleged that Mildred's exposure to second-hand tobacco smoke caused her death. Mildred had worked at the Veteran's Administration Hospital in Grant County from 1973 until her death. The complaint was filed in Delaware Superior Court.

On August 12, 1993, the Defendants filed a motion to transfer venue to a county of preferred venue pursuant to T.R. 75(A). The trial court denied the Defendants' motion on December 29, 1993. Pursuant to Ind.Appellate Rule 4(B)(5), the Defendants brought this interlocutory appeal.

## DISCUSSION AND DECISION

A case may be filed in any court in any county in Indiana. T.R. 75(A); *Diesel Constr. Co. v. Cotten* (1994), Ind.App., 634 N.E.2d 1351, 1352. If the initial county is not a county of preferred venue, the action may be transferred to a county of preferred venue under the criteria listed in T.R. 75(A)(1)–(9). *Id.;* T.R. 75(B). If there is no county of preferred venue under T.R. 75(A)(1)–(9), then preferred venue may be established under T.R. 75(A)(10). *Grove v. Thomas* (1983), Ind.App., 446 N.E.2d 641, n. 1. T.R. 75(A)(10) provides, in pertinent part, that preferred venue lies in "the county where either one or more of the individual plaintiffs reside,...." The action here consists of two claims: one by Phillip and one by the Estate. Phillip no longer resides in Indiana.

It is undisputed that there is no county of preferred venue under T.R. 75(A)(1)–(9). The Defendants argue that the case should be transferred from Delaware County because it is not a county of preferred venue. T.R. 75(A)(1)–(10). They present Grant County or Hamilton County as counties of preferred venue under T.R. 75(A)(10). The Estate does not argue that Delaware County is a county of preferred venue under T.R. 75(A)(1)–(10), but contends that venue in Delaware County is proper because no Indiana county has preferred venue under T.R. 75(A)(1)–(10).

The question presented is whether there is a county of preferred venue pursuant to T.R. 75(A)(10). If not, then the venue properly remained in Delaware County.

There is no Indiana case authority determining the residence of a plaintiff in a wrongful death action brought by the administrator of the decedent's estate. We observe that the venue of civil actions is ordinarily a matter regulated by constitutional and statutory provisions in the various states. It is the general spirit and policy of many venue statutes to give the defendant the right to have the action tried in the county of his or her residence. Such statutes are also intended to provide a convenient, logical and orderly forum for litigation. Although the doctrine of *forum of non conveniens* does not apply to intrastate venue, the same considerations of reasonableness of the place of trial and the convenience to the parties and witnesses are inherent in T.R. 75. *Diesel,* 634 N.E.2d at 1354.

In the case at bar, Mildred's estate was opened in Grant County in May, 1993, pursuant to IND.CODE § 29-1-7-1. I.C. § 29-1-7-1(a)(1) provides that the venue for the probate of a will and for the administration of an estate shall be in the county in this State where the decedent had his domicile at the time of his death. The purpose of establishing venue in the county where the decedent was domiciled at death is to provide a convenient, logical and orderly forum for administering the estate.

As stated above, these same considerations of reasonableness of the place of trial and the

convenience to the parties and witnesses, are inherent in T.R. 75, *Diesel,* 634 N.E.2d at 1354, and would be thwarted by the Estate's contention that, in cases such as this, where the plaintiff is an estate, there is no county of residence and therefore no county of preferred venue under T.R. 75(A)(10). Were we to uphold the Estate's contention, then a plaintiff could vest jurisdiction in any one of the counties in Indiana, regardless of its nexus to the case at hand. The scheme of Indiana's venue rules discourages such forum shopping by the plaintiff and the Estate's view violates the spirit of these rules. Thus, following the guidance of the estate administrative statute, I.C. § 29-1-7-1, we hold that the preferred venue under T.R. 75(A)(10) when the plaintiff is an estate is the last domicile of the decedent.[2]

Grant County is where Mildred was domiciled at the time of her death. Moreover, it was where the Estate alleges she was exposed to second-hand tobacco smoke that allegedly caused her death. We believe that the domicile of a decedent at the time of death provides the most convenient, logical and orderly forum for litigation. Therefore, Grant County is the county of preferred venue pursuant to T.R. 75(A)(10). We reverse the trial court and order that the case be transferred to Grant County.

Reversed and Remanded.

RATLIFF, Senior Judge and RILEY, J. concur.

---

**2.** Two jurisdictions have held that the domicile of the plaintiff in a wrongful death action is deemed to be the place of last domicile of the decedent. *See Dowdy v. Franklin* (1961), 203 Va. 7, 121 S.E.2d 817; *Charlotton v. Gordon* (1938), 120 W.Va. 615, 200 S.E. 740.