**RJR NABISCO HOLDINGS, CORPORATIONS, R.J. Reynolds Tobacco, Co., Brown & Williamson Tobacco Corp., Philip Morris, Inc., Liggett Group, Inc., Liggett & Myers, Inc., American Brands, Inc., American Tobacco Co., Loews Corp., Lorillard Corp., The Tobacco Institute, Inc., and The Counsel for Tobacco Research, Appellants, (Defendants Below),**

v.

**Craig DUNN and Phillip Wiley, Co-Administrators of The Estate of Mildred Wiley, Deceased, and Phillip Wiley, Individually, Appellees, (Plaintiffs Below).**

No. 18S04–9507–CV–802.

Supreme Court of Indiana.

Dec. 5, 1995.

Rehearing Denied Feb. 23, 1996.

Richard D. Wagner, James G. McIntire, Kreig, DeVault, Alexander & Capehart, Indianapolis, Karl Mulvaney, David O. Tittle, Duane R. Denton, Bingham, Summers, Welsh & Spilman, Indianapolis, Terrill D. Albright, Ellen E. Boshkoff, Baker & Daniels, Indianapolis, Scott Shockley, Defur, Voran, Hanley, Radcliff & Reed, Muncie, Ralph A. Cohen, Angela K. Wade, Ice Miller Donadio & Ryan, Indianapolis, James W. Riley, Jr., Julia B. Jackson, Riley Bennett & Egloff, Indianapolis, Douglas J. Hill, Hill, Fulwider, McDowell, Funk & Matthews, Indianapolis, Charles W. McNagny, Hoffman, Thompson, Skekloff, Rogers & McNagny, Fort Wayne, Daniel P. Byron, Steven Hardin, McHale, Cook & Welch, Indianapolis, for Appellant.

P. Gregory Cross, Cross, Marshall, Schuck, DeWeese, Cross & Feick, P.C., Muncie, Thomas J. Young, William N. Riley, Young & Riley, Indianapolis, James H. Young, John P. Young, Joseph B. Young, William E. Young, Frederick W. Crow, Young & Young, Indianapolis, Max Howard, Mark Dudley, Howard & Dudley, Anderson, for Appellee.

## ON PETITION TO TRANSFER

SULLIVAN, Justice.

We conclude that an estate is not an "individual plaintiff" under Indiana Trial Rule 75(A)(10) and, therefore, not subject to the preferred venue requirement of that subsection of T.R. 75.

### Background

The background of this interlocutory appeal, taken in part from the opinion of the Court of Appeals in *RJR Nabisco Holdings Corporations v. Dunn* (1994), Ind.App., 642 N.E.2d 538, is as follows:

Mildred Wiley, a Grant County resident, died of lung cancer on June 24, 1991. On May 24, 1993, the grant County Circuit Court appointed Phillip Wiley, Mildred's husband, and Craig Dunn as co-administrators of Mildred's estate for the purpose of filing a wrongful death action. Phillip was then a resident of North Carolina. Dunn was a resident of Hamilton County, Indiana.

On May 28, 1993, Phillip and Dunn as co-administrators of the estate, and Phillip individually (collectively Estate), filed a products liability action against the Defendants. The Estate alleged that Mildred's exposure to second-hand tobacco smoke caused her death. Mildred had worked at the Veteran's Administration Hospital in Grant County from 1973 until her death. The complaint was filed in Delaware Superior Court.

On August 12, 1993, the Defendants filed a motion to transfer venue to a county of preferred venue pursuant to T.R. 75(A). The trial court denied the Defendant's motion on December 29, 1993. Pursuant to Ind.Appellate Rule 4(B)(5), the Defendants brought this interlocutory appeal.

*Id.* at 540. In reversing the trial court, the Court of Appeals analyzed the venue provisions of Indiana Trial Rule 75 and concluded that this cause should be transferred from Delaware County to Grant County because Mildred Wiley was domiciled in Grant County at the time of her death. *Id.* at 541. Plaintiffs seek transfer.

## Discussion

Trial Rule 75(A) provides that a case may be filed in any court in any county in Indiana. Ind.Trial Rule 75(A). However, if the initial county of filing is not a county of "preferred venue," as defined in the rule, the action may be transferred to a county of preferred venue under the criteria listed in Trial Rule 75(A)(1)–(9), and if there is no county of preferred venue under Trial Rule 75(A)(1)– (9), then preferred venue may be established under Trial Rule 75(A)(10). Trial Rule 75(A)(10) provides that preferred venue lies in:

the county where either one or more individual plaintiffs reside, the principal office of any plaintiff organization or governmental organization is located, or the office of any such plaintiff organization or governmental organization to which the claim relates or out of which the claim arose is located, if the case is not subject to the requirements of subsections (1) through (9) of this subdivision or if all the defendants are nonresident individuals or nonresident organizations without a principal office in the state.

T.R. 75(A)(10). If there is no county of preferred venue under Trial Rule 75(A)(1)– (10), a case may be filed in any county in this State. T.R. 75(A).

In brief, the parties here (1) agree that none of the preferred venue provisions of paragraphs (A)(1)–(9) apply but (2) disagree as to whether or not preferred venue for an estate is governed by paragraph (A)(10).

Adopting defendants' position that estates fall within paragraph (A)(10), the Court of Appeals concluded that preferred venue under Indiana Trial Rule 75(A)(10) when the plaintiff is an estate is the last domicile of the decedent. *Dunn,* 642 N.E.2d at 541. The Court of Appeals explained that in its view the same logical considerations that led the General Assembly to enact Indiana Code § 29–1–7–1(a)(1) (1993), which provides that the appropriate venue to probate a will or administer an estate is the county in this State where the decedent was domiciled at the time of death, should apply to wrongful death actions brought by a decedent's estate. *Id.* Otherwise, the Court of Appeals reasoned, estate plaintiffs could forum shop and bring actions in any Indiana County. *Id.*

Plaintiffs contend that the Court of Appeals' decision is erroneous because it engrafted upon Indiana Trial Rule 75(A)(10) new specifications for the establishment of preferred venue status that can not be derived from the language of the rule itself. Plaintiffs contend that because neither plaintiff is an "organization" or a "government organization," T.R. 75(A)(10), the preferred venue for this action could only be "the county where either one or more of the individual plaintiffs resides." *Id.* Plaintiffs' view is that Phillip Wiley is such an individual plaintiff. However, he resides in North Carolina, and the other plaintiff, Mildred Wiley's estate, is not an "individual plaintiff" as the term is used in Trial Rule 75(A)(10) because that term only refers to natural persons.

Defendants agree with the Court of Appeals' resolution of this case. Defendants further argue that Grant County is the most appropriate forum for this litigation because it is the county where Mildred Wiley lived, where she worked, where the allegedly tortious conduct transpired, and where her estate was opened for administration.[1] Defendants also contend that plaintiffs never argued below that Trial Rule 75(A)(10)'s refer-

---

1. On the other hand, plaintiffs assert that the most logical and orderly place for this wrongful death action to be brought is Delaware County, the place where Mildred Wiley received almost all the treatment for her lung cancer and where she actually died, because virtually all of the medical records and plaintiffs' experts are in Delaware County.

ence to "one or more individual plaintiffs" can only be construed as referring to natural persons, and therefore, plaintiffs have waived this theory on appeal.[2]

We conclude that the resolution of this issue only requires a reading of the plain language of Trial Rule 75(A)(10). This language provides that there is preferred venue in "the county where either one or more individual plaintiffs reside." T.R. 75(A)(10).

In using the word "individual" in paragraph (A)(10), we connote a natural person[3] as distinguished from an organization or other artificial person, including an estate. This meaning is reinforced by the use of the term "reside," a verb indicating an action or behavior of natural persons, and, more generally, by the highly specific nature of Trial Rule 75. Given the level of detail in this rule, Indiana litigants are entitled to conclude that any exception from the general rule of filing in any county will be imposed in reasonably specific terms.

We acknowledge defendants' concerns about forum shopping—although we see absolutely no evidence of it by plaintiffs in this case—and will consider future modifications to Indiana Trial Rule 75 to include preferred venue provisions for estates. But given our liberal change of judge rules, T.R. 76(A) and 79, we perceive little risk of prejudice to defendants.

### Conclusion

Having granted transfer, we now vacate and reverse the decision of the Court of Appeals and affirm the trial court.

SHEPARD, C.J., and DeBRULER and DICKSON, JJ., concur.

SELBY, J., not participating.

---

2. In the trial court, while arguing against the defendants' motion to transfer this case to Grant County, plaintiffs' counsel stated that Phillip Wiley was the only individual plaintiff and that Trial Rule 75(A)(10) is inapplicable because the only individual plaintiff does not reside in an Indiana county. This was tantamount to saying the estate of Mildred Wiley is not an "individual plaintiff" under Trial Rule 75(A)(10). Thus, we think that plaintiffs' counsel sufficiently preserved plaintiffs' appellate theory to prevent waiver.

3. See Richey v. Indiana Dep't of State Revenue (1994), Ind.Tax, 634 N.E.2d 1375, 1377 ("[T]he term 'individual' as used within IC 6–3–1–12 refers to a natural person.") and Classic Car Centre, Inc. v. Haire Mach. Corp. (1991), Ind. App., 580 N.E.2d 722 ("[T]he term 'individual' refers to a natural person [for purposes of IC § 24–5–0.5–2].") See also Black's Law Dictionary 773 (6th ed. 1990) ("As a noun this term [individual] denotes a single person as distinguished from a group or class, and also, very commonly, a private or natural person as distinguished from a partnership, corporation, or association.").