David **BECKWITH** and Moorehead Communications, Inc., d/b/a Cellular Connection, Appellants–Defendants,

v.

SATELLITE T.V. CENTER, INC. d/b/a Tri–State Satellite & Audio Service, Inc., Appellee–Plaintiff.

No. 82A01–9801–CV–11.

Court of Appeals of Indiana.

Sept. 18, 1998.

---

James T. Beaman, Johnson Beaman & Todd, Marion, for Appellants–Defendants.

George C. Barnett, Jr., Douglas K. Briody, Bowers Harrison Kent & Miller, Evansville, for Appellee–Plaintiff.

## OPINION

SHARPNACK, Chief Judge.

This case comes to us on interlocutory appeal. David Beckwith appeals the denial of his motion requesting transfer of venue. Beckwith raises two issues which we restate as:

1) whether the trial court properly found that Vanderburgh County constituted a county of preferred venue under Indiana Trial Rule 75; and,

2) whether the trial court erred in denying him costs and attorney fees.

We affirm.

The relevant facts are not in dispute. Satellite Communications ("Satellite") employed David Beckwith who signed an agreement not to compete with Satellite during his employment and for two years after the termination of his employment. Satellite sells, services, and distributes satellite dishes, audio equipment, and entertainment centers. On September 6, 1996, Beckwith's employment with Satellite terminated.

Beckwith subsequently became an employee and shareholder of Moorehead Communications ("Moorehead"), which on October 1, 1997, opened a sales and service operation in Vanderburgh County. Moorehead sells and

services satellite dishes and other electronic equipment also sold by Satellite. Beckwith is currently a resident of Grant County.

On October 2, 1997, Satellite filed a complaint against Beckwith in Vanderburgh County, Indiana, claiming he violated the agreement not to compete as an employee and part owner of Moorehead. In addition, it requested that he be enjoined from competing with Satellite through his employment with and ownership of Moorehead. On October 13, 1997, Beckwith filed a motion requesting the court to transfer the case to Grant County, his residence, stating that Vanderburgh County was not a county of preferred venue pursuant to Trial Rule 75(A). Beckwith also requested that he be awarded attorney fees and costs.

On October 21, 1997, Satellite filed an amended verified complaint adding defendant Moorehead Communications ("Moorehead") and claiming it tortiously interfered with the agreement not to compete between Beckwith and Satellite.[1] On October 31, 1997, Beckwith filed a motion requesting the court to rule on his motion requesting transfer of venue. On November 13, 1997, Beckwith filed his answer and counter claim. On December 18, 1997, the trial court denied Beckwith's motion requesting transfer to Grant County and his request for attorneys fees.

■■■ The first issue is whether the trial court properly found that Vanderburgh County satisfied preferred venue requirements. Pursuant to T.R. 75, a case may be commenced in any county. However, upon the filing of a pleading or motion to dismiss for incorrect venue under T.R. 12(B)(3), the trial court must transfer the case to the county selected by the party which first files such a motion or pleading if: 1) the court where the action was initially filed does not meet preferred venue requirements, and 2) the county selected by the party which filed the motion or pleading is a county of preferred venue. *Hollingsworth v. Key Benefit Adm'rs, Inc.*, 658 N.E.2d 653, 655 (Ind.Ct. App.1995), *reh'g denied, trans. denied.* If the suit is initiated in a county of preferred venue, a transfer of venue will not be granted. *Id.* Each venue that meets the requirements of T.R. 75(A)(1)–(9) is a county of preferred venue. *Id.*

■■■ In *Hollingsworth*, we clarified the standard of review for the disposition of a T.R. 12(B)(3) motion. *See id.* We noted that the trial court's decision on a motion such as this is an interlocutory order subject to review under an abuse of discretion standard. *Id.*; *see Bellmore v. State*, 602 N.E.2d 111 (Ind.1992), *reh'g denied.* An abuse of discretion occurs if the trial court's decision is "clearly against the logic and effect of the facts and circumstances before the court, or if the trial court has misinterpreted the law." *Hollingsworth*, 658 N.E.2d at 655 (quoting *McCullough v. Archbold Ladder Co.*, 605 N.E.2d 175, 180 (Ind.1993)).

Beckwith asserts that Vanderburgh County is not a county of preferred venue under T.R. 75(A)(4). According to this section, a county of preferred venue lies in:

"the county where either the principal office of a defendant organization is located or the office or agency of a defendant organization or individual to which the claim relates or out of which the claim arose is located, if one or more such organizations or individuals are included as defendants in the complaint."

T.R. 75(A)(4) (emphasis added). Beckwith contends that Vanderburgh County is not a preferred venue county because at the time the action was initially filed no defendant was located in Vanderburgh County. Beckwith claims that once he filed the motion requesting transfer of venue the trial court lost jurisdiction over the case. However, the language of T.R. 75 does not support Beckwith's claim. T.R. 75(A). In deciding whether to grant a motion to transfer venue under T.R. 75(A) a court shall:

"from allegations of the complaint or after hearing evidence thereon or considering affidavits or documentary evidence filed

---

1. Satellite could amend its pleading "as a matter of course" because Beckwith had not filed a responsive pleading. Ind. Trial Rule 15(A). Beckwith's motion to transfer venue did not con-stitute a responsive pleading. *See Mechanics Laundry & Supply, Inc. v. Wilder Oil Co.*, 596 N.E.2d 248, 253 (Ind.Ct.App.1992), *reh'g denied, trans. denied.*

with the motion or in opposition to it, ... order the case transferred to a county or court selected by the party first properly filing such motion or pleading *if the court determines* that the county or court where the action was filed does not meet preferred venue requirements."

T.R. 75(A) (emphasis added). At the time the court ruled on the motion requesting transfer of venue, Satellite had amended its complaint to add Moorehead, a defendant who had an office in Vanderburgh County. The trial court had jurisdiction to determine whether Vanderburgh was a county of preferred venue since T.R. 75 requires a determination of whether preferred venue exists. *See* T.R. 75(A). In order to make its determination, the court had to consider all evidence and pleadings properly before it, which included the amended complaint. *See* T.R. 75(A).

■ Here, the trial court ruled that because Moorehead had been added as a defendant, and because Moorehead had an office in Vanderburgh County, Vanderburgh County was a county of preferred venue. Therefore, the trial court did not abuse its discretion by refusing to transfer the case to Grant County. *See Guzzo v. Goodrich Quality Theaters, Inc.*, 679 N.E.2d 166, 168 (Ind.Ct. App.1997) (holding that a case must be transferred if the county where it was filed was not one of preferred venue), *reh'g denied, trans. denied.*

■ The second issue is whether the trial court erred in denying Beckwith costs and attorney fees. Beckwith claims he is entitled to costs and attorneys' fees pursuant to T.R. 75(C) because the case should have been transferred to Grant County. Such fees are awarded only when a case is ordered transferred and "it appears that the case was commenced in the wrong county by sham pleading, in bad faith or without cause." T.R. 75(C). However, in light of our conclusion that Vanderburgh County was a proper

venue, Beckwith is not entitled to costs and fees under T.R. 75(C).

For the foregoing reasons, we affirm the judgment of the trial court.[2]

Affirmed.

HOFFMAN and MATTINGLY, JJ., concur.

---

2. The trial court held that "[the amended complaint adding Moorehead] relates back to the date of the filing of the complaint, pursuant to Trial Rule 15(C), thus providing Vanderburgh County with the preferred venue requirements of Trial Rule 75(A)(4)." Record, p. 146. In doing so the trial court erred. Trial Rule 15(C) is relation back for the purpose of statute of limitations, not venue. However, the result of trial court is the same, that Vanderburgh was a county of preferred venue. Thus we affirm the judgment of the trial court.