Delores SHELTON, as Personal Representative of the Estate of N. Philip Shelton, M.D. and N. Philip Shelton, M.D., Inc., Appellant–Defendants,

v.

Sandra L. WICK and Debra A. Stephens, as Co–Personal Representatives of the Wrongful Death Estate of Susan L. Basbagill, Deceased, Appellee–Plaintiffs.

No. 41A05–9903–CV–105.

Court of Appeals of Indiana.

Aug. 19, 1999.

Scott M. Kyrouac, Wilkinson, Goeller, Modesitt, Terre Haute, Indiana, Attorney for Appellant.

Irwin B. Levin, Cohen & Malad, P.C., Indianapolis, Indiana, Attorney for Appellee.

## OPINION

ROBB, Judge

Delores Shelton, as personal representative of the Estate of N. Philip Shelton, M.D., and N. Philip Shelton, M.D., Inc. (referred to collectively as "Shelton"), appeal the trial court's denial of their motion for change of venue from Johnson County to Knox County, alleged to be a county of preferred venue pursuant to Indiana Trial Rule 75(A). We affirm.

### Issue

Shelton raises the following restated issue for our review: whether the trial court properly denied the motion to change venue.

### Facts and Procedural History

N. Philip Shelton, M.D. ("Dr.Shelton"), was a physician licensed to practice medicine in the State of Indiana. He maintained an office in Vincennes, Knox County, Indiana, as N. Philip Shelton, M.D., Inc. ("Shelton, Inc."), a professional medical corporation. Susan L. Basbagill, also a resident of Vincennes, Knox County, Indiana, presented to Dr. Shelton on or about June 27, 1996, complaining of chest pain. Dr. Shelton diagnosed her with pleurisy and prescribed pain medication. Later that day, Basbagill died of a myocardial infarction.

As a result of her death, Sandra L. Wick and Debra A. Stephens (collectively referred to as the "Estate"), co-personal representatives of Basbagill's estate and both residents of Johnson County, Indiana, submitted a proposed complaint alleging medical malpractice against Shelton to the Indiana Department of Insurance. The proposed complaint was submitted on March 19, 1997. On April 5, 1997, Dr. Shelton died, and subsequently, his wife, Delores Shelton ("Delores"), was appointed personal representative of his estate. Thereafter, the medical review panel issued its opinion, and the Estate filed its complaint in Johnson County Superior Court. Shelton moved to dismiss pursuant to Trial Rule 12(B)(3) for improper venue or, in the alternative, to change venue to Knox County pursuant to Trial Rule 75(A). The trial court denied both motions in a single order, and

Shelton now appeals this interlocutory order pursuant to Appellate Rule 4(B)(5).

### Discussion and Decision

### A. Standard of Review

 We will reverse a trial court's grant or denial of a Trial Rule 12(B)(3) motion for improper venue only upon an abuse of discretion. *Beckwith v. Satellite T.V. Center, Inc.,* 699 N.E.2d 319, 321 (Ind.Ct.App.1998). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or where the trial court has misinterpreted the law. *Id.*

### B. Trial Rule 75(A)

 Pursuant to Indiana Trial Rule 75(A), a case may be commenced in any court in any county in Indiana. However, upon the filing of an appropriate motion, the trial court must transfer the case to the county selected by the party which first files such motion if: (1) the court where the action was initially filed is not a "preferred venue" as defined by Trial Rule 75(A), and (2) the county selected by the party which filed the motion is a county of preferred venue. *Hollingsworth v. Key Benefit Adm'rs, Inc.,* 658 N.E.2d 653, 655 (Ind.Ct.App.1995), *trans. denied.* If an action has been commenced in a county of preferred venue, no transfer will be granted. *Id.* Counties which meet the requirements of subsections (1) through (9) are equally preferred, but a county which meets the requirement of subsection (10) is preferred only when there is no county of preferred venue pursuant to subsections (1) through (9). *Parkison v. TLC Lines, Inc.,* 506 N.E.2d 1105, 1107 (Ind.Ct.App.1987). The provisions of Trial Rule 75 relevant to our discussion herein state:

> Any case may be venued, commenced and decided in any court in any county, except, that upon the filing of a pleading or a motion to dismiss allowed by Rule 12(B)(3), the court ... shall order the case transferred to a county or court selected by the party first properly filing such motion or pleading if the court determines that the county or court where the action was filed does not meet preferred venue require-

ments or is not authorized to decide the case and that the court or county selected has preferred venue and is authorized to decide the case. Preferred venue lies in:

> (1) the county where the greater percentage of individual defendants included in the complaint resides, or, if there is *no* such greater percentage, the place where any individual defendant so named resides; or

> . . .

> (4) the county where either the principal office of a defendant organization is located or the office or agency of a defendant organization or individual to which the claim relates or out of which the claim arose is located, if one or more such organizations or individuals are included as defendants in the complaint; or

> . . .

> (8) the county where a claim in the plaintiff's complaint may be commenced under any statute recognizing or creating a special or general remedy or proceeding. . . .

T.R. 75(A). Shelton contends that Johnson County is not a preferred venue at all, but that any one of the above-quoted subsections establishes Knox County as a preferred venue. Shelton therefore contends that the trial court abused its discretion in denying the motion for change of venue. We will address the applicability of each of these subsections in turn.

### 1. Trial Rule 75(A)(1)

Trial Rule 75(A)(1) provides that preferred venue lies in the county where the greater percentage of individual defendants reside. Shelton asserts that Knox County is a preferred venue pursuant to this subsection for any of several reasons: (1) Dr. Shelton resided in Knox County at the time the *proposed* complaint was filed with the Department of Insurance; (2) administration of his estate is pending in Knox County; and (3) Delores Shelton, the personal representative of Dr. Shelton's estate, was a resident of Knox County at the time the complaint was filed. We disagree.

■ Shelton's contention raises not only the issue of whether subsection (1) applies, but also the issue of when venue is to be determined. This case is a medical malpractice action, and is therefore subject to the requirements of the Indiana Medical Malpractice Act. Ind.Code title 34, art. 18. The Act provides that submission of a proposed complaint to the Department of Insurance and presentation to a medical review panel is a condition precedent to filing a medical malpractice claim in a court in Indiana. Ind. Code § 34–18–8–4; *Campbell v. Eckman/Freeman & Assoc.*, 670 N.E.2d 925, 929 (Ind.Ct.App.1996), *trans. denied.* Only after the medical review panel has rendered its opinion may an action be commenced in court.[1] Shelton argues that the appropriate venue for this action should be determined as of the time the proposed complaint was submitted to the Department of Insurance. However, venue does not become an issue until an action is commenced and it becomes necessary to determine the geographical location where the particular case should be tried. An action is "commenced" within the meaning of our trial rules "by filing a complaint *with the court* . . . ." T.R. 3 (emphasis added). Submitting a proposed complaint to the Department of Insurance does nothing more than toll the statute of limitations and satisfy the statutory condition precedent to commencing a medical malpractice action. The preferred venue status of a given county can only be determined as of the time a complaint is filed in court. Thus, Dr. Shelton's county of residence at the time the proposed complaint was submitted is immaterial.

■ Between the time the Estate submitted its proposed complaint to the Department of Insurance and the time it filed its complaint in Johnson County, Dr. Shelton

passed away and his wife, Delores, was appointed personal representative of his estate. Although the Estate originally named Dr. Shelton as a defendant, the trial court subsequently granted a motion to substitute parties and substituted "Delores Shelton as Personal Representative of the Estate of N. Philip Shelton, M.D." as the appropriate defendant. Shelton contends that because the estate is pending in Knox County, Trial Rule 75(A)(1) gives preferred venue status to Knox County. Our supreme court has addressed a similar argument with respect to the preferred venue status of an estate pursuant to subsection (10), which states that preferred venue lies in "the county where either one or more *individual plaintiffs* reside . . . ." T.R. 75(A)(10) (emphasis added). The court held that an estate is not an "individual plaintiff" within the meaning of this language, for the following reasons:

> In using the word "individual" in paragraph (A)(10), we connote a natural person as distinguished from an organization or other artificial person, including an estate. This meaning is reinforced by the use of the term "reside," a verb indicating an action or behavior of natural persons, and more generally, by the highly specific nature of Trial Rule 75. Given the level of detail in this rule, Indiana litigants are entitled to conclude that any exception from the general rule of filing in any county will be imposed in reasonably specific terms.

*RJR Nabisco Holdings, Corp. v. Dunn*, 657 N.E.2d 1220, 1223 (Ind.1995). Thus, because the parties had already stipulated that no other provision of Trial Rule 75 was applicable, there was no preferred venue, and the estate was entitled to commence its action in any county it chose.

---

1. We must note that, effective July 1, 1999, a claimant *may* commence an action in court at the same time the proposed complaint is being considered by the medical review panel, but the complaint filed in court may not include any information which would allow a third party to identify the defendant, the claimant is prohibited from pursuing the action, and the court is prohibited from taking any action other than certain administrative action until an opinion has been rendered by the panel. Ind.Code § 34–18–8–7.

Had this been the law at the time this action was initiated, and had the Estate chosen to file its complaint in accordance with this statute, the result reached herein may have been different. However, the fact that a claimant may now file a complaint in court simultaneous to submitting a proposed complaint to the Department of Insurance, does not change the rule of law applied here: venue is to be determined at the time a complaint is actually filed in court, not when it *could* be filed.

Similarly, the language at issue herein is that preferred venue lies "in the county where the greater percentage of *individual defendants* included in the complaint *resides* ...." T.R. 75(A)(1) (emphasis added). This language is virtually identical to that found in subsection (10) referring to plaintiffs. For the same reasons that the supreme court held an estate could not be an "individual plaintiff," we think that it can not be an "individual defendant." Therefore, the county where Dr. Shelton's estate is being administered is not a preferred venue pursuant to subsection (1).[2]

■ Finally, Shelton contends that because Delores, as personal representative of the estate, is a resident of Knox County, subsection (1) applies. However, a personal representative's county of residence is of no consequence to the determination of preferred venue. Delores Shelton is not herself a party to this action and is therefore not the "individual defendant" to which subsection (1) refers. She is named only in a representative capacity—representative of an estate which we have already determined has no county of "residence." Thus, the county where the defendant estate's personal representative resides is not a preferred venue pursuant to Trial Rule 75(A)(1).

## 2. Trial Rule 75(A)(4)

Trial Rule 75(A)(4) provides that the county where the principal office of a defendant organization or where the office out of which the claim arose is located is a preferred venue. Shelton asserts that, because the principal office of Shelton, Inc. was located in Knox County, and because the Knox County office is where the Estate alleges the malpractice occurred, Knox County is a county of preferred venue pursuant to subsection (4). Again, we disagree.

The parties do not seem to dispute that some time prior to this lawsuit being filed, Shelton, Inc. was dissolved.[3] Shelton moved to dismiss Shelton, Inc. as a party, alleging that it had been dissolved prior to the alleged malpractice. The trial court denied this motion, but certified its order for interlocutory appeal. This court declined to accept the interlocutory appeal of this issue. Shelton now alleges that "[i]f the corporation exists for purposes of suit, it should exist for purposes of venue." Appellants' Brief at 11. The issue of the corporation's capacity to be sued is not now before us, so we do no more than note that there is an issue of fact regarding when the corporation was dissolved which could have precluded the trial court from granting the motion to dismiss.

■ Further, as we have already decided, venue is to be determined as of the time an action is commenced by the filing of a complaint. Therefore, whether the corporation existed at the time of the alleged malpractice and can thus be a party to this action is not our concern. We are concerned only with whether the corporation existed at the time the complaint was filed, and at the time this action was commenced, the corporation no longer existed. The language of subdivision (4) is that preferred venue lies in "the county where either the principal office of a defendant organization *is located* or the office or agency of a defendant organization or individual to which the claim relates or out of which the claim arose *is located* ...." T.R. 75(A)(4) (emphasis added). Imposing the specific terms of this exception to the general rule of venue, *see Dunn*, 657 N.E.2d at 1223, a corporation which no longer exists can not "be located" in any county for pur-

---

2. Shelton argues that *Dunn* applies only to subsection (10) and *plaintiff* estates. This argument is not well-taken given the nearly identical language between subsections (1) and (10). Moreover, *Dunn* implied that no preferred venue provision was applicable to estates: "We ... will consider future modifications to Trial Rule 75 to include preferred venue provisions for estates." 657 N.E.2d at 1223. No modification to the Rule has yet been made.

3. There does, however, seem to be some disagreement about *when* Shelton, Inc. was dissolved: Shelton alleges that it was administratively dissolved prior to the alleged malpractice; the Estate alleges that it was dissolved by operation of law upon the death of its sole practitioner. For purposes of this appeal, it does not matter exactly when the professional corporation was dissolved; we are only concerned with the fact that it was dissolved prior to the filing of this action and is thus no longer a viable entity.

poses of determining preferred venue. Thus, Knox County is not a preferred venue pursuant to Trial Rule 75(A)(4).

### 3. Trial Rule 75(A)(8)

Finally, Shelton asserts that Knox County is a preferred venue pursuant to subsection (8) because the probate code requires claims against a decedent's estate to be filed in the court in which the estate is being administered, in this case, Knox County. Trial Rule 75(A)(8) provides that preferred venue lies in a county where the plaintiff's claim "may be commenced under any statute recognizing or creating a special or general remedy or proceeding."

 The Indiana Probate Code provides that all claims against a decedent's estate are to be filed with the court in which such estate is being administered. *See* Ind. Code §§ 29–1–14–1; 29–1–14–2; 29–1–14–21. However, this medical malpractice action is not a "claim against Dr. Shelton's estate" within the meaning of Indiana Code chapter 29–1–14. The term "claim" as used in the Probate Code is generally construed to mean "a debt or demand of a pecuniary nature which could have been enforced against the decedent in his lifetime and could have been reduced to a simple money judgment." *Vonderahe v. Ortman*, 128 Ind.App. 381, 146 N.E.2d 822, 825 (1958); *see also* Ind.Code § 29–1–1–3. The statutory scheme for filing claims against an estate is very specific and was designed to "give the [personal] representative of an estate an opportunity to investigate the merits of the claim, and if he determined it to be a just claim, to pay it promptly without the delay and expense of litigation." *Baker v. Happ*, 114 Ind.App. 591, 54 N.E.2d 123, 126 (1944). Clearly, this medical malpractice action is not a "claim" which could be filed against the estate for an amount certain and which the personal representative could determine to allow or disallow. Moreover, the Probate Code provides that "a claim for injury to person or damage to property arising out of negligence against the estate of a deceased tort feasor" is governed by the same rules of pleading and procedure as ordinary civil actions. Ind. Code § 29–1–14–1(f). Thus, the provisions contained in the Probate Code for filing claims against an estate do not apply. This action was commenced under the terms of the Medical Malpractice Act, and there is no venue provision contained therein.

### Conclusion

None of the specific provisions of Trial Rule 75 providing for preferred venue apply to the facts of this case. Therefore, the general rule that a case may be commenced in any county in Indiana applies, and the trial court did not abuse its discretion in denying Shelton's motion for change of venue from Johnson County.

Affirmed.

SHARPNACK, C.J., and DARDEN, J., concur.