Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Sep 25 2012, 9:01 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**NORRIS CUNNINGHAM**
**KATHRYN ELIAS CORDELL**
Hall, Render, Killian, Heath & Lyman, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES
MARY AND RONALD MCDANIEL:

**NATHANIEL LEE**
**LAURA R. CROWLEY**
Fee & Fairman
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| MATT B. HELMEN, M.D., | ) |
| | ) |
| Appellant, | ) |
| | ) |
| vs. | ) |
| | ) |
| MARY and RONALD MCDANIEL, | ) |
| Individually and as Administrators of | ) No. 49A02-1204-CT-327 |
| the Estate of Christopher L. McDaniel, | ) |
| Deceased, | ) |
| | ) |
| and, | ) |
| | ) |
| PHILLIP LAM, M.D., | ) |
| | ) |
| Appellees. | ) |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable John F. Hanley, Judge
Cause No. 49D11-1201-CT-001872

**September 25, 2012**

**MATHIAS, Judge**

Matt B. Helmen, M.D., ("Dr. Helmen"), appeals the trial court's denial of his Motion for Change of Venue in the medical malpractice action filed against him by Mary and Ronald McDaniel, ("the McDaniels"), individually and as administrators of the estate of their deceased son, Christopher McDaniel ("McDaniel"). The sole issue for our review is whether the trial court erred in denying Helmen's motion.

We affirm.

### Facts and Procedural History

Dr. Helmen, who practices internal medicine in Marion and Hamilton Counties, began treating McDaniel after McDaniel was admitted to St. Vincent Hospital in Indianapolis in July 2006. In August 2006, Dr. Helmen began treating McDaniel on an outpatient basis for multiple medical issues, including diabetes and low potassium. Dr. Helmen's last contact with McDaniel was in April 2007.

On May 15, 2007, McDaniel presented himself with a low potassium level at Fayette Memorial Hospital in Connersville where Dr. Philip Lam ("Dr. Lam") examined him. Dr. Lam telephoned Dr. Helmen to advise him of McDaniel's condition. Dr. Lam and Dr. Helmen discussed the need to treat McDaniel's low potassium with supplemental potassium. Dr. Lam did not ask Dr. Helmen to accept transfer of McDaniel for treatment in Indianapolis or to participate in his care. Dr. Helmen expected McDaniel would be

treated for low potassium and instructed to follow up with Dr. Helmen. After speaking with Dr. Helmen, Dr. Lam discharged McDaniel from the hospital.

Later that day, McDaniel presented himself with lower extremity pain, shortness of breath, and abdominal pain at Reid Hospital in Richmond where Dr. Christine Farris examined him. Dr. Farris contacted Dr. Helmen to advise him that McDaniel was in dire condition. She did not ask Dr. Helmen to accept transfer of McDaniel or participate in his care. McDaniel subsequently passed away that day at the hospital.

In April 2009, the McDaniels filed a proposed complaint with the Indiana Department of Insurance against Dr. Helmen, Dr. Lam, Fayette Memorial Hospital, and Reid Hospital. In October 2011, the Medical Review Panel ("the Panel") concluded its review of the matter and issued a unanimous opinion that the evidence did not support the conclusion that Dr. Helmen, Fayette Memorial Hospital, and Reid Hospital failed to meet the appropriate standard of care. The Panel's decision also stated that the evidence supported the conclusion that Dr. Lam failed to meet the appropriate standard of care.

In January 2012, the McDaniels filed their Complaint for Damages against Drs. Helmen and Lam in Marion County. The Complaint alleged that Dr. Helmen was consulted by telephone while McDaniel was at Reid Hospital and that Dr. Helmen did not recommend transfer to St. Vincent Hospital in Indianapolis for further treatment. According to the Complaint, Dr. Helmen failed to properly and timely assess McDaniel and take appropriate action and that as a direct result of this medical malpractice, McDaniel perished.

Two months later, Dr. Helmen filed a motion for change of venue asking the trial court to transfer the case to Hamilton County because Marion County was not a county of preferred venue. The trial court denied the motion without a hearing. Dr. Helmen appeals the denial.

**Discussion and Decision**

Dr. Helmen's sole argument is that the trial court erred in denying his motion for change of venue and refusing to transfer the case to Hamilton County pursuant to Indiana Trial Rules 12(B)(3), 75, and 76. The trial court's decision on a motion such as this is an interlocutory order subject to review under an abuse of discretion standard. Beckwith v. Satellite T.V. Center, Inc., 699 N.E.2d 319, 321 (Ind. Ct. App. 1998). An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. Id.

Pursuant to Indiana Trial Rule 75(A), a case may be commenced in any court in any county in Indiana. However, upon the filing of an appropriate motion, the trial court must transfer the case to the county selected by the party which first files such motion if 1) the court where the action was originally filed is not a "preferred venue" as defined by Trial Rule 75, and 2) the county selected by the party which filed the motion is a county of preferred venue. Shelton v. Wick, 715 N.E.2d 890, 893 (Ind. Ct. App. 1999), trans. denied. If the action has been commenced in a county of preferred venue, no transfer will be granted. Id.

Here, Dr. Helmen argues that Marion County is not a county of preferred venue under Trial Rule 75(A)(4). According to this section, a county of preferred venue lies in:

4

the county where either the principal office of a defendant organization is located **or** the office or agency of a defendant organization or individual to which the claim relates **or** out of which the claim arose is located, if one or more such organizations or individuals are included as defendants in the complaint.

T.R. 75(A)(4) (emphasis added).

Rules of statutory construction are applicable to the interpretation of trial rules. Carter-McMahon v. McMahon, 815 N.E.2d 170, 175 (Ind. Ct. App. 2004). If the language of the rule is clear and unambiguous, it is not subject to judicial interpretation. Dreyer & Reinbold, Inc. v. AutoXchange.com. Inc., 771 N.E.2d 764, 767 (Ind. Ct. App. 2002), trans. denied. Here, a clear reading of T.R. 75(A)(4) reveals that a county of preferred venue lies where "the office . . . of a defendant . . .individual to which the claim relates . . . is located . . . ." Because McDaniel has alleged that Dr. Helmen was consulted by telephone while McDaniel was at Reid Hospital and did not recommend transferring McDaniel to St. Vincent Hospital in Indianapolis for further treatment, the claim relates to Dr. Helmen. Further, because Dr. Helmen's office is located in Marion County, Marion County is a county of preferred venue pursuant to Trial Rule 75(A)(4). Accordingly, the trial court did not err in denying Dr. Helmen's motion for change of venue.

Affirmed.

VAIDIK, J., and BARNES, J., concur.