# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 30 2019, 9:15 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John F. Townsend, III
Townsend & Townsend, LLP
Indianapolis, Indiana

ATTORNEY FOR APPELLEES
DOCTOR 1, MEDICAL PRACTICE
1 AND MEDICAL PRACTICE 2

Jon M. Pinnick
Schultz & Pogue, LLP
Indianapolis Indiana

ATTORNEY FOR APPELLEE
DOCTOR 2

Benjamin D. Ice
Barrett & McNagny LLP
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEES
HOSPITAL 1, DOCTOR 3, DOCTOR
4, AND HOSPITAL 3

Jason A. Scheele
Lauren R. Deitrich
Rothberg Logan & Warsco LLP
Fort Wayne, Indiana

ATTORNEY FOR APPELLEES
DOCTOR 5 AND MEDICAL
PRACTICE 4

William A. Ramsey
Barrett & McNagny LLP
Fort Wayne, Indiana

ATTORNEY FOR APPELLEE
HOSPITAL 2

Charles W. McNagny
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE
MEDICAL PRACTICE 3

Sharon L. Stanzione
Brandon T. Miller
Johnson & Bell
Crown Point, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

Jerri Boling Bacino,

*Appellant-Plaintiff,*

v.

Hospital 1, et al.,

*Appellees-Defendants.*

July 30, 2019

Court of Appeals Case No.
18A-CT-2779

Interlocutory Appeal from the
Marion Superior Court

The Honorable David J. Dreyer,
Judge

Trial Court Cause No.
49D01-1810-CT-39313

**Bailey, Judge.**

# Case Summary

[1] Jerri Boling Bacino ("Bacino") filed a complaint against twelve anonymous defendants, alleging medical malpractice.[1] Bacino filed the complaint in Marion County, the location of registered agents for two defendants. Certain

---

[1] The defendants were anonymously named because the lawsuit was initiated before a medical review panel issued an opinion on the matter. *See* Ind. Code § 34-18-8-7 (authorizing the instant procedure).

defendants then moved to transfer the case to Allen County, claiming Allen County was a preferred venue under Indiana Trial Rule 75(A) and Marion County was not a preferred venue. The motion was granted. Bacino now challenges the decision to transfer the case to Allen County, bringing an interlocutory appeal as of right pursuant to Indiana Appellate Rule 14(A)(8).

[2]     We affirm.

# Discussion and Decision

[3]     A plaintiff may bring a case in any county. Ind Trial Rule 75(A). However, if the plaintiff's selected county is not a preferred venue, a defendant may request that the case be transferred to a preferred venue. *Id.* Upon a proper request, the court "shall order the case transferred" to the defendant's requested venue. *Id.*

[4]     In granting the instant motion to transfer, the trial court ruled on a paper record. Thus, our review of any predicate factual determination is *de novo*. *Equicor Dev., Inc. v. Westfield-Washington Twp. Plan Comm'n*, 758 N.E.2d 34, 37 (Ind. 2001). Moreover, this appeal turns on whether Marion County is a preferred venue, a question of law we review *de novo*. *See Morrison v. Vasquez*, 124 N.E.3d 1217, 1219 (Ind. 2019).

[5]     Preferred venue status is determined with reference to the time an action was filed. *E.g.*, *Shelton v. Wick*, 715 N.E.2d 890, 894 (Ind. Ct. App. 1999), *trans. denied*. Our Trial Rule 75(A) sets forth a list of preferred venues, one of which is "the county where . . . the principal office of a defendant organization is

located." T.R. 75(A)(4). Bacino claims the location of an entity's registered agent is the location of its principal office. Because at least one defendant had a registered agent in Marion County, she argues the county is a preferred venue.

[6] There was caselaw supporting Bacino's proffered interpretation of "principal office"—but it is no longer good law. *See Morrison*, 124 N.E.3d at 1219-22 (discussing past interpretations of "principal office"). Indeed, business statutes effective January 2018 (1) define "principal office" as "the principal executive office of an entity, whether or not the office is located in Indiana," I.C. § 23-0.5-1.5-29, and (2) specify that the address of a registered agent "does not determine venue in an action or a proceeding involving the entity," I.C. § 23-0.5-4-12. In light of these statutes, the Indiana Supreme Court recently held that "the location of the registered agent no longer determines preferred venue for either domestic or foreign corporations." *Morrison*, 124 N.E.3d at 1222. That holding controls. Thus, Marion County was not a preferred venue due to the location of a defendant's registered agent. Bacino has presented no other basis for establishing preferred venue in Marion County, and has presented no argument demonstrating Allen County was not a preferred venue.

[7] Affirmed.

Riley, J., and Pyle, J., concur.