**Lyle LACEY, Petitioner,**

**v.**

**INDIANA DEPARTMENT OF STATE REVENUE, Respondent.**

**No. 49T10–0711–TA–70.**

Tax Court of Indiana.

July 8, 2008.

Publication Ordered Aug. 13, 2008.

Lyle Lacey, Indianapolis, IN, Petitioner Appearing pro se.

Steve Carter, Attorney General of Indiana, Andrew W. Swain, Chief Counsel, Tax Section, Jessica E. Reagan, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

FISHER, J.

Come now the parties in the above-captioned matter. The Petitioner, Lyle Lacey (Lacey), asks this Court to reconsider its holding in *Lacey v. Indiana Department of State Revenue*, No. 49T10–0711–TA–70, slip op., 2008 WL 1103786 (Ind. Tax Ct. April 11, 2008). The Respondent, the Indiana Department of State Revenue (Department), has filed a motion for judgment on the pleadings. The Court conducted a hearing on the matters on June 10, 2008. The Court, being duly advised, now finds as follows.

## FACTS AND PROCEDURAL HISTORY

In 2006 (the year at issue), Lacey, an Indiana resident, was employed by, and received compensation from, Adecco. Adecco subsequently issued a W–2 reporting Lacey's wages and withholding. Lacey, believing Adecco "did not understand" the concept of income for purposes of taxation under the Internal Revenue Code (IRC), prepared his federal and state tax returns using a federal Form 4852. (*See* Pet'r Pet. for Review (hereinafter, Pet'r Pet.), Ex. G at 1, 5.) As a result, Lacey's Indiana income tax return reported negative income and sought a refund of the state and county taxes withheld by his employer. The Department subsequently notified Lacey that there were inconsistencies in his tax return and indicated that he actually owed an additional $577.65. After conducting an administrative hearing, the

Department denied Lacey's claim for refund.

On November 30, 2007, Lacey filed an appeal with this Court. On December 8, 2008, the Department filed a motion for judgment on the pleadings. On April 11, 2008, after conducting a hearing, the Court issued an order granting the Department's motion in part.

On May 16, 2008, Lacy filed a motion to reconsider. On May 23, 2008, the Department filed a second motion for judgment on the pleadings. The issue presented by both parties is the same: whether Lacey's compensation constitutes wages or income subject to taxation.

## DISCUSSION

 Under the Indiana Constitution, "[t]he general assembly may levy and collect a tax upon income, from whatever source derived, at such rates, in such manner, and with such exemptions as may be prescribed by law." IND. CONST. art. X, § 8. As this Court has previously stated, " '[t]he constitutional legitimacy of the general assembly's decision to tax income is beyond dispute. The right to tax is a crucial attribute of sovereignty.' " *Snyder v. Indiana Dep't of State Revenue*, 723 N.E.2d 487, 488 (Ind. Tax Ct.2000) (quoting *Richey v. Indiana Dep't of State Revenue*, 634 N.E.2d 1375, 1376 (Ind.Tax Ct.1994)), *review denied.* Under its authority, the Indiana General Assembly enacted the Adjusted Gross Income Tax Act of 1963 (the Act). *See* IND.CODE ANN. §§ 6–3–1–1 to 33 (West 2006).

The Act defines "adjusted gross income," in the case of individuals, as the term is defined in Section 62 of the Internal Revenue Code (I.R.C. § 62) with certain modifications. *See* A.I.C. § 6–3–1–3.5. Thus, "adjusted gross income" is, "in the case of an individual, gross income minus . . . [certain] deductions[.]" I.R.C. § 62

(2006). Similarly, the Act incorporates the definition of "gross income" as found in Section 61(a) of the Internal Revenue Code. *See* A.I.C. § 6–3–1–8. Therefore, "gross income" is "all income from whatever source derived, including (but not limited to) . . . compensation for services[.]" I.R.C. § 61.

In his motion to reconsider, Lacey claims that the compensation he received from Adecco is not subject to taxation because it does not constitute wages or taxable income. (*See generally* Pet'r Pet.; Pet'r Mot. to Reconsider.) With respect to "wages," Lacey's logic appears to take the following path:

1) the computation of adjusted gross income is based on the definition of wages found in sections 3121 and 3401 of the Internal Revenue Code;

2) these sections, however, apply only to privileged workers, i.e., individuals who either receive benefits from the federal government, who work for the federal government, or who live in federal territories or possessions;

3) Lacey is not a privileged worker because he works in the private sector;

4) the compensation Lacey received therefore does not constitute wages subject to taxation.

(*See* Pet'r Pet. ¶¶ 25–58; Pet'r Mot. to Reconsider ¶¶ 17–20.) Lacey's reasoning with respect to "income" appears to proceed as follows:

1) a person's labor is an individually owned property right;

2) the income tax is an "excise tax [based] upon the conduct of business in a corporate capacity;"

3) for purposes of taxation, individuals are not corporations;

4) individuals cannot have profit or gain when they exchange their labor for compensation, rather the exchange repre-

sents the fair market value of the individual's labor [1];

5) to be subject to taxation, income must be evidenced by a gain or profit;

6) Lacey, as an individual employed in the private sector, does not have income subject to taxation.

(*See* Pet'r Pet. ¶¶ 59–97; Pet'r Mot. to Reconsider (footnote added).)

In its motion for judgment on the pleadings, the Department argues that, as a matter of law, Lacey is not entitled to the relief he seeks.[2] (*See* Resp't Br. in Supp. of its Second Mot. for J. on the Pleadings (hereinafter, Resp't Br.) at 3, 8–9 (footnote added).) The Department is correct.

Federal courts have repeatedly, albeit implicitly, rejected the argument that wages as defined in sections 3121 and 3401 of the Internal Revenue Code can only be earned by those workers who have received a federal "privilege." *See Lovell v. U.S.*, 755 F.2d 517, 519 (7th Cir.1984) (per curiam) (noting that "[a]ll individuals, *natural or unnatural,* must pay federal income tax on their *wages,* regardless of whether they received any 'privileges' from the government"). *See also Kelly v.*

*U.S.*, 789 F.2d 94, 97 (1st Cir.1986) (per curiam) (indicating that such a claim is frivolous); *Holker v. U.S.*, 737 F.2d 751, 752–53 (8th Cir.1984) (per curiam) (indicating that such a claim is meritless). Likewise, numerous federal courts have also rejected the claim that "money received in compensation for labor is not taxable[.]" *See Lovell,* 755 F.2d at 519. *See also Davis v. U.S.*, 742 F.2d 171, 172 (5th Cir. 1984) (per curiam) (rejecting the argument that an "individual receives no taxable gain from the exchange of labor for money because the wages received are offset by an equal amount of 'costs of labor' "); *Simanonok v. Comm'r,* 731 F.2d 743, 744 (11th Cir.1984) (per curiam) (rejecting taxpayer's contention that "he had not received income because his paychecks were received in exchange for his costs and disbursements of labor"). Thus, both of Lacey's claims are incorrect as a matter of law.[3]

## CONCLUSION

For the foregoing reasons, Lacey's motion to reconsider is DENIED and the Department's second motion for judgment on the pleadings is GRANTED.[4] Given

---

1. When a person sells property, income from the gain on the sale of that property is determined by subtracting the property's basis (typically the amount paid for the property) from the amount realized (the amount received on the sale). *See* I.R.C. §§ 1001, 1011, 1012 (2006). Thus, if the amount realized is the same as the property's basis, there is no gain on the sale of the property and thus no taxable income from that sale.

2. "A motion for judgment on the pleadings pursuant to Ind[iana] Trial Rule 12(C) attacks the legal sufficiency of the pleadings." *Eskew v. Cornett,* 744 N.E.2d 954, 956 (Ind.Ct.App. 2001) (citation omitted), *trans. denied.* Thus, "[a] judgment on the pleadings is proper only when there are no genuine issues of material fact and when the facts shown by the pleadings clearly establish that the non-moving party cannot in any way succeed under the

facts and allegations therein." *Id.* (citation omitted).

3. To the extent that Lacey claims the Department lacked the legal authority to disregard the information *he* provided on his Indiana tax return, he is incorrect. *See* Ind.Code Ann. § 6–8.1–5–1 (West 2006) (stating that if the Department reasonably believes that a person has not reported the proper amount of tax due, it shall make a proposed assessment based on the best information available to it).

4. The Court notes that the Department contends that Lacey's motion to reconsider was deemed denied under Trial Rule 53.4(B) when the Court did not rule on it within 5 days of its filing. (Hr'g Tr. at 11–12.) Trial Rule 53.4(B) is not applicable in this instance. The purpose behind Trial Rule 53.4(B) is to " 'move the docket' by requiring the attorney

the Court's ruling, all pending motions in this case are now rendered moot.

SO ORDERED.

### ORDER OF PUBLICATION

Respondent, Indiana Department of State Revenue, by counsel, files its Motion for Publication of Memorandum Decision. The Court, being duly advised in the premises, now finds that the motion should be GRANTED.

IT IS THEREFORE ORDERED as follows:

1. Respondent's "Motion for Publication of Memoranda Decision" is hereby granted and the decision handed down in the case of *Lacey v. Ind. Dep't. of State Revenue*, 49T10–0711–TA–70 (Ind. Tax. Ct. July 8, 2008) marked "Not For Publication," is now ordered to be published.

to go the next step, but it does not deny or infringe upon the trial court's power to actually rule upon a motion, which falls under this Rule, after the five (5) days have expired." 3A William F. Harvey, *Indiana Practice*, § 53.4 at 55 (3d ed.2002).