Lyle LACEY, Petitioner,

v.

INDIANA DEPARTMENT OF STATE
REVENUE, Respondent.

No. 49T10–0906–TA–25.

Tax Court of Indiana.

May 16, 2011.

Lyle Lacey, Indianapolis, IN, pro se.

Gregory F. Zoeller, Attorney General of Indiana, Kristen M. Kemp, Deputy Attorney General, Indianapolis, IN, Attorneys For Respondent.

FISHER, Senior Judge.

On April 20, 2009, the Indiana Department of State Revenue (Department) issued a final determination in which it determined Lyle Lacey (Lacey) owed Indiana adjusted gross income tax for the 2007 tax year (the year at issue). Lacey has appealed that final determination.[1]

## FACTS AND PROCEDURAL HISTORY

Lacey, an Indiana resident, is employed by Adecco as a verification engineer. (Resp't Ex. N at 14.) For the year at issue, Lacey's W–2 form indicates that Adecco paid him a substantial amount in wages. (*See* Resp't Ex. I.)

When Lacey filed his 2007 federal and state income tax returns, he did not attach his W–2 form. Instead, he attached to each return a federal Form 4852 on which he indicated that his wages were zero.[2]

---

1. Certain information and exhibits in this case have been filed as "not for public access" and are confidential. *See* Ind. Administrative Rule 9; Ind. Trial Rule 5. This Court's opinion therefore provides only that information essential to its resolution of the case and as appropriate to develop the law. *See* Admin. R. 9(G)(3), (4)(d).

2. A Form 4852 "serves as a substitute for Forms W–2, W–2c, and 1099–R and is completed by taxpayers ... when (a) their employer or payer does not give them a Form W–2 or Form 1099–R, or (b) when an employer or payer has issued an incorrect Form W–2 or Form 1099–R." I.R.S. Form 4852 (Rev.1–2007). Lacey completed and submitted the Form 4852 because he believed that pursuant

(*See* Resp't Exs. B at 5, H at 5 (footnote added).) Accordingly, Lacey's federal return reported his federal adjusted gross income as zero; likewise, Lacey's state return reported his Indiana taxable income as zero.[3] (Resp't Exs. B at 1, H at 1 (footnote added).) Lacey's state return also claimed a refund of the $5,034.98 in state and county income taxes that had been withheld by Adecco. (Resp't Ex. H at 1–2.)

After reviewing his state return, the Department determined that Lacey was not entitled to a refund and that he actually owed another $1,113.21 in state income tax.[4] (Resp't Ex. P (footnote added).) Lacey protested. The Department conducted a telephonic administrative hearing on April 6, 2009. On April 20, 2009, the Department issued a letter of findings denying Lacey's protest.

Lacey filed an original tax appeal on June 12, 2009. A trial was held on July 14, 2010, and the Court heard the parties' oral arguments on December 13, 2010. Additional facts will be supplied as necessary.

## ANALYSIS AND OPINION

### Standard of Review

■ This Court reviews the Department's final determinations *de novo*. IND. CODE ANN. § 6–8.1–5–1(i) (West 2011) (relating to proposed assessments); IND.CODE ANN. § 6–8.1–9–1(d) (West 2011) (relating to claims for refund). Accordingly, it is bound by neither the evidence nor the issues presented at the administrative level. *Snyder v. Ind. Dep't of State Revenue*, 723 N.E.2d 487, 488 (Ind.Tax 2000), *review denied*.

A notice of proposed assessment is *prima facie* evidence that the Department's claim for unpaid taxes is valid. A.I.C. § 6–8.1–5–1(c). Consequently, "[t]he burden of proving that the proposed assessment is wrong rests with the person against whom the proposed assessment is made." *Id.*

### DISCUSSION

■ On appeal, Lacey argues that the compensation he received in 2007 as a result of his employment with Adecco is not income within the meaning of the Six-

---

to sections 3121 and 3401 of the Internal Revenue Code, "wages" could only be earned by those workers who received a federal "privilege" and, thus, Adecco "mischaracterized" what it paid him. (*See* Resp't Exs. C at 5–6, F.) *But see Lacey v. Ind. Dep't of State Revenue*, 894 N.E.2d 1113, 1114–15 (Ind.Tax 2008) (where this Court rejected the same argument when Lacey raised it in challenging his 2006 state income tax liability), *review denied*.

3. Indiana imposes a tax on an individual's "adjusted gross income." *See* IND.CODE ANN. § 6–3–2–1(a) (West 2007). For purposes of that tax, "adjusted gross income" is defined as that term is defined in section 62 of the Internal Revenue Code, with certain modifications. *See* IND.CODE ANN. § 6–3–1–3.5(a) (West 2007) (amended 2009). Thus, "adjusted gross income" is, "in the case of an individual, gross income minus ... [certain] de-

ductions[.]" I.R.C. § 62(a) (2007). In turn, "gross income" is "all income from whatever source derived, including ... compensation for services[.]" I.R.C. § 61(a)(1) (2007). *See also* IND.CODE ANN. § 6–3–1–8 (West 2007) (explaining that "gross income" for purposes of Indiana's adjusted gross income tax has the same meaning as "gross income" set forth in I.R.C. § 61). Pursuant to these definitions, if a taxpayer does not have adjusted gross income as defined in the Internal Revenue Code for federal income tax purposes, the taxpayer generally does not have adjusted gross income for Indiana income tax purposes.

4. Meanwhile, the Internal Revenue Service rejected Lacey's federal return, recomputed his federal income tax liability based on his W–2, and assessed him with a $5,000 penalty for filing a frivolous tax return. (*See* Resp't Exs. B at 10, C at 10–12, D, E.)

teenth Amendment to the United States Constitution[5] or the Internal Revenue Code. (Pet'r Br. at 6, 9 (footnote added).) As a result, he maintains that his federal tax return, which reported zero as the amount of his federal adjusted gross income, was properly completed. (See Pet'r Reply Br. at 2 ¶ 4.) In turn, because Indiana's adjusted gross income tax "piggybacks" the federal income tax, Lacey asserts that he has no state taxable income and, hence, no state income tax liability. (See Pet'r Pet. at 4–5 ¶¶ 40–42; Pet'r Reply Br. at 2 ¶¶ 3–6.)

As support for his argument, Lacey cites to the United States Supreme Court's decision in Eisner v. Macomber, 252 U.S. 189, 40 S.Ct. 189, 64 L.Ed. 521 (1919), for the proposition that only "gain" or "profit" can be "income."[6] (See Pet'r Br. at 5 n.3 (footnote added).) Lacey then reasons that his compensation is not income because there was no "gain" or "profit"; rather, the compensation was received in equal exchange for the services he rendered for Adecco. (See Pet'r Br. at 5–7.) Lacey is incorrect.

More than eleven years ago, this Court explained the significance of the "income as gain" language found in Eisner and upon which Lacey now relies. Indeed:

> In Eisner, the Supreme Court considered whether the Sixteenth Amendment permitted Congress to tax as income a taxpayer's stock dividend made against accumulated profits of the issuing corporation. The Court in Eisner defined income as the "gain derived from capital, from labor, or from both combined." Applying this definition, the Court focused on the phrase "derived from capital," which included a "gain, a profit, something of exchangeable value, proceeding from the property, severed from the capital … [and] received or drawn by the recipient (the taxpayer) for his separate use, benefit and disposal[.]"

*    *    *    *    *    *

Eisner merely concluded that stock dividends are not income within the meaning of the Sixteenth Amendment because the taxpayer received no separate asset from the company for his own individual use and benefit. In short, the taxpayer realized no gain that was severed from and independent of the company's assets. The Court in Eisner did not discuss what constituted a "gain derived from labor."[7]

5.  The Sixteenth Amendment, ratified in 1913, states: "The Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration." U.S. Const. amend XVI.

6.  Lacey also claims that in Lucas v. Earl, 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731 (1930), the Supreme Court held that salaries, wages, or compensation for personal service were not to be included in gross income, but rather only the gains, profits, and income derived therefrom. (See Pet'r Reply Br. at 4; Third Request To Take Judicial Notice (filed Apr. 8, 2011) at 23 ¶ 15 (where Lacey quotes not from the language of the opinion, but rather from a version of the opinion that included a syllabus).) The Supreme Court held no such thing. Lucas v. Earl, 281 U.S. 111, 114, 50 S.Ct. 241, 74 L.Ed. 731 (1930) (concluding that, based on an earlier version of the federal tax code, "[t]here is no doubt that … salaries [are taxable] to those who earned them"). See also United States v. Detroit Timber & Lumber Co., 200 U.S. 321, 337, 26 S.Ct. 282, 50 L.Ed. 499 (1906) (explaining that the syllabus and headnotes constitute no part of the Supreme Court's opinion).)

7.  This Court went on to say, however, that "by analogy to [its] treatment of 'gain derived from capital,' one could reasonably surmise that the Court in Eisner would have viewed wages as representing the 'gain' or 'profit' independent and separate from the labor an individual provided in exchange for his or her

*Snyder*, 723 N.E.2d at 489–90 (internal footnotes and citations omitted) (footnote added). In any event, the Supreme Court has, since its decision in *Eisner*, repeatedly rejected the argument that income is limited to gain or profit. *See Commissioner v. Kowalski*, 434 U.S. 77, 94, 98 S.Ct. 315, 54 L.Ed.2d 252 (1977) (rejecting the assumption that *Eisner's* "income as gain" definition was incorporated in the current definition of income found in section 61 of the Internal Revenue Code); *Commissioner v. Glenshaw Glass Co.*, 348 U.S. 426, 431, 75 S.Ct. 473, 99 L.Ed. 483 (1955) (explaining that while the definition of "income as gain" served a useful purpose within the limited context of *Eisner*, "it was not meant to provide a touchstone to all future gross income questions").)

To the extent, then, that Lacey argues his compensation from Adecco is not taxable income because it does not reflect "gain" or "profit," it matters not. Indeed, in both *Kowalski* and *Glenshaw Glass*, not only did the Supreme Court reject the notion that income was limited to gain or profit, but it accepted and applied the definition of "gross income" as provided in section 61 of the Internal Revenue Code. *See Kowalski*, 434 U.S. at 83, 98 S.Ct. 315; *Glenshaw Glass*, 348 U.S. at 432, 75 S.Ct. 473. Pursuant to that definition, wages are income for purposes of taxation. *See* I.R.C. § 61(a)(1) (2007) ("gross income" is "all income from whatever source derived, including ... compensation for services"). Thus, it is undeniably clear that Lacey's claim—that the compensation he received

from Adecco is not taxable income—is incorrect as a matter of law.[8]

Lacey also contends that because the federal income tax is "an un-apportioned direct tax," it runs counter to the Supreme Court's holding in *Brushaber v. Union Pacific Railroad Company*, 240 U.S. 1, 36 S.Ct. 236, 60 L.Ed. 493 (1916). (*See* Pet'r Br. at 8–9.) More specifically, Lacey contends that in *Brushaber*, the Supreme Court held that the Sixteenth Amendment's provision "exempting a tax from apportionment [is in] irreconcilable conflict with the general [constitutional] requirement that all direct taxes be apportioned." (Oral Argument Tr. at 5.) (*See also* Pet'r Br. at 8 (where Lacey states that the Court in *Brushaber* "indicated that the 16th Amendment did not change the constitution with respect to direct taxes; direct taxes must be apportioned").)

Lacey's contention is without merit. Congressional power to tax is articulated in Article 1, Section 8 of the Constitution and "embraces every conceivable power of taxation" including the power to lay and collect income taxes. *Brushaber v. Union Pacific R.R. Co.*, 240 U.S. 1, 12–13, 36 S.Ct. 236, 60 L.Ed. 493 (1916). "It is clear ... that the whole purpose of the [Sixteenth] Amendment was to relieve all income taxes ... from apportionment[.]" *Id.* at 18, 36 S.Ct. 236. Indeed,

there is no escape from the conclusion that the Amendment was drawn for the purpose of doing away ... with the principle ... of determining whether a tax on income was direct [or] not ... since in express terms the Amendment pro-

---

wages." *Snyder v. Ind. Dep't of State Revenue*, 723 N.E.2d 487, 490 (Ind.Tax 2000), *review denied*.

8. Throughout the course of this litigation, Lacey has referred to the money he received from Adecco as "compensation" and not as "wages." With respect to Indiana's adjusted

gross income tax, however, this distinction has no legal significance. *See* IND.CODE ANN. § 6–3–1–23 (West 2007) (stating that for purposes of Indiana's adjusted gross income tax, "[t]he term 'compensation' means wages, salaries, commissions and any other form of remuneration paid to employees for personal services").

vides that income taxes, from whatever source the income may be derived, shall not be subject to the regulation of apportionment.

*Id.*

## CONCLUSION

Lacey has not shown that the compensation he received in 2007 as a result of his employment with Adecco is not income within the meaning of the Sixteenth Amendment or the Internal Revenue Code. As a result, Lacey's employment compensation is income subject to Indiana's adjusted gross income tax and the Court therefore AFFIRMS the Department's final determination.

On a final note, this case marks the third time this Court has rejected the argument that one's employment wages do not constitute income subject to Indiana's adjusted gross income tax. *See Lacey v. Ind. Dep't of State Revenue*, 894 N.E.2d 1113 (Ind.Tax 2008), *review denied; Sny-*

der, 723 N.E.2d at 490–91. Consequently, the Court now provides the following warning: in the future, when a taxpayer advances the same (or a substantially similar) argument, the Court will not hesitate to consider whether an award of attorney fees is appropriate. *See* IND.CODE ANN. § 34–52–1–1(b) (West 2011) (allowing a court to award attorney's fees to a prevailing party if it finds, *inter alia*, that the losing party litigated in bad faith or pursued a frivolous, unreasonable, or groundless claim or defense). *See also Chapo v. Jefferson Cnty. Plan Comm'n*, 926 N.E.2d 504, 509–10 (Ind.Ct.App.2010) (defining a "frivolous, unreasonable, or groundless" claim or defense) (citation omitted).[9]

---

**9.** The argument that employment wages do not constitute income subject to taxation has been identified as "frivolous" and deemed sanctionable by both the Internal Revenue Service and the federal courts. *See* I.R.C. § 6702(a) (2007); I.R.S. Notice 2007–30, 2007–14 I.R.B. 883 (modified and superseded by I.R.S. Notice 2008–14, 2008–4 I.R.B. 310). *See also, e.g., Kile v. Commissioner*, 739 F.2d 265, 269–70 (7th Cir.1984) (explaining that because there is no reasonable basis to believe that wages are not subject to income tax "given the universal and longstanding rejection of [that] argument," the Seventh Circuit and many of its sister courts assess fees in such cases given "the waste of limited judicial and administrative resources that such groundless actions have occasioned") (citations omitted).