Lyle LACEY, Petitioner,

v.

**INDIANA DEPARTMENT OF STATE REVENUE, Respondent.**

No. 49T10–1102–TA–7.

Tax Court of Indiana.

Aug. 31, 2011.

Lyle Lacey, Indianapolis, IN, Petitioner Appearing Pro Se.

Gregory F. Zoeller, Attorney General of Indiana, Lynne D. Hammer, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

## ORDER ON RESPONDENT'S MOTION TO DISMISS

WENTWORTH, J.

Lyle Lacey previously filed two original tax appeals, one for the 2006 tax year and the other for 2007 tax year, in which he unsuccessfully argued that he did not owe Indiana adjusted gross income tax (AGIT). *See Lacey v. Ind. Dep't of State Revenue (Lacey II)*, 948 N.E.2d 878 (Ind. Tax Ct.2011) (regarding the 2007 tax year); *Lacey v. Ind. Dep't of State Revenue (Lacey I)*, 894 N.E.2d 1113 (Ind. Tax Ct.2008) (regarding the 2006 tax year), *review denied.* Now, Lacey has petitioned the Court a third time regarding his 2008 AGIT liability, which is currently before the Court on the Indiana Department of State Revenue's (Department) Motion to Dismiss for failure to state a claim on which relief can be granted.[1] Concluding

---

1. The Department also claims that this case should be dismissed because the Tax Court lacks subject matter jurisdiction, arguing that

Lacey asks the Court to construe federal law that does not arise under the tax laws of Indiana. (*See* Hr'g Tr. at 7–9; Mem. Supp.

that the issues in this action are substantially the same as those decided in *Lacey II*, the Court dismisses this case.

## PROCEDURAL HISTORY

Lacey claimed in *Lacey II* that he had a constitutionally guaranteed right to trial by jury, that the judge of the tax court was biased, and that the Department had violated the Distribution of Powers Clause of the Indiana Constitution. *See Lacey v. Ind. Dep't of State Revenue (Lacey II Interim Order)*, No. 49T10–0906–TA–25, slip. op. *3–4, 2009 WL 3426348 (Ind. Tax Ct. Oct. 26, 2009). Lacey also asserted that he owed no Indiana AGIT because "the compensation he received in 2007 as a result of his employment ... [wa]s not income within the meaning of the Sixteenth Amendment to the United States Constitution or the Internal Revenue Code." *Lacey II*, 948 N.E.2d at 879–80 (footnote omitted).

In the *Lacey II Interim Order*, this Court, dismissed Lacey's first three claims pursuant to Indiana Trial Rule 12(B)(6). *Lacey II Interim Order*, No. 49T10–0906–TA–25, at *5–6. Then, following both a trial and oral argument, the Court resolved Lacey's final claim on May 16, 2011, finding in favor of the Department. *See Lacey II*, 948 N.E.2d at 880–82. On June 15, 2011, Lacey filed a motion requesting the Court take judicial notice of several authorities, including *Miles v. Department of Treasury*, 209 Ind. 172, 199 N.E. 372 (1935). That same day, Lacey also filed a petition for rehearing in which he cited *Miles* as support. On June 20, 2011, the Court, in two separate orders, granted La-

cey's motion to take judicial notice and denied his petition for rehearing.

On February 3, 2011, during the pendency of *Lacey II*, Lacey filed this original tax appeal. The Department filed a Motion to Dismiss on March 7, 2011, Lacey filed his response on March 25, 2011, and the Court held a hearing on the matter on August 26, 2011.

## STANDARD OF REVIEW

 A motion to dismiss for failure to state a claim upon which relief may be granted tests the legal sufficiency of a claim, not the facts supporting it. *Caesars Riverboat Casino, LLC v. Kephart*, 934 N.E.2d 1120, 1122 (Ind.2010) (citation omitted). A Court will not grant such a motion "unless it is clear on the face of the complaint that the complaining party is not entitled to relief." *City of New Haven v. Reichhart*, 748 N.E.2d 374, 377 (Ind.2001) (citation omitted). Consequently, the Court views the pleadings and all reasonable inferences drawn therefrom in favor of the non-moving party. *See id.* (citation omitted).

## DISCUSSION AND ORDER

 This Court will both uphold and adhere to its prior decisions absent the presentation of new arguments or facts requiring otherwise. *See generally Ameritech Publ'g, Inc. v. Ind. Dep't of State Revenue*, 916 N.E.2d 752 (Ind. Tax Ct.2009), *review denied.*[2] The Department contends that Lacey's present appeal fails to state any claim upon which relief may be granted because it presents the same

Resp't Mot. Dismiss at 8–10.) The Court disagrees because this matter concerns whether Indiana can tax Lacey's income, a question arising under Indiana's tax laws.

**2.** *Cf. Miller Brewing Co. v. Ind. Dep't of State Revenue*, No. 49T10–0607–TA–69, 2011 WL

3630147, at *2 n. 7 (Ind. Tax Ct. Aug. 18, 2011) (explaining that although the Tax Court is bound by prior precedent, it is not necessarily bound when presented with new arguments).

four claims and theories for relief as presented in *Lacey II.* (*See* Hr'g Tr. at 5–7; Mem. Supp. Resp't Mot. Dismiss at 4–8.) Lacey, on the other hand, asserts that the two cases are distinguishable substantively because his theory of non-taxability in this case, unlike in *Lacey II,* hinges upon the *Miles* case. (*See* Hr'g Tr. at 22–24.) In addition, Lacey claims that the Department's arguments regarding his constitutionally guaranteed right to a jury trial are unpersuasive because those arguments, for the most part, are based on Tax Court precedent only, not Indiana Supreme Court precedent.[3] (*See* Hr'g Tr. at 24–27 (footnote added).) Lacey is incorrect.

As mentioned, Lacey requested that the Court take judicial notice of *Miles* during the *Lacey II* proceedings. The Court granted Lacey's request and considered the significance of *Miles* in its ruling on Lacey's petition for rehearing. The Court ultimately found Lacey's arguments and new authorities unpersuasive and denied Lacey's petition for rehearing. Therefore, Lacey's current reference to *Miles* does not create a new substantive issue for this Court's review. Similarly, the theory underlying Lacey's argument with respect to his right to a jury trial also presents nothing new.

The issues and arguments presented in Lacey's current petition do not materially differ from those presented to and rejected by this Court in *Lacey II;* therefore, the Court must uphold and adhere to its prior decisions. Consequently, the Court GRANTS the Department's motion to dismiss in its entirety.[4]

SO ORDERED.

---

3. During the hearing on the Department's motion to dismiss, Lacey waived/withdrew his two other claims (*i.e.,* whether the judge of the tax court was biased and whether the Department had violated the Distribution of Powers Clause of the Indiana Constitution). (*See* Hr'g Tr. at 28–29.)

4. During the hearing, the Department also requested an award of attorney's fees, asserting that Lacey's claims are frivolous. (*See* Hr'g Tr. at 9–11.) To the extent the Department still seeks such fees, it must make that request by separate motion.