Lyle LACEY, Petitioner,

v.

INDIANA DEPARTMENT OF STATE
REVENUE, Respondent.

No. 49T10–1102–TA–7.

Tax Court of Indiana.

Dec. 28, 2011.

See also, 948 N.E.2d 878.

Lyle Lacey, Indianapolis, IN, Petitioner Appearing Pro Se.

Gregory F. Zoeller, Attorney General of Indiana, Lynne D. Hammer, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

## ORDER ON RESPONDENT'S MOTION FOR ATTORNEYS' FEES

MARTHA BLOOD WENTWORTH, Judge.

On February 3, 2011, Lyle Lacey initiated an original tax appeal claiming that his 2008 income was not subject to Indiana adjusted gross income tax (AGIT). On August 31, 2011, the Court dismissed his appeal for failure to state a claim on which relief could be granted. *Lacey v. Indiana Dep't of State Revenue (Lacey III )*, 954 N.E.2d 536, 538 (Ind. Tax Ct.2011). The Indiana Department of State Revenue (Department) now seeks to recover its at-

torney fees under Indiana Code § 34–52–1–1.[1]

## FACTS AND PROCEDURAL HISTORY

Lacey is no stranger to this Court, having received five written decisions on three original tax appeals since 2008.[2] In each appeal, Lacey advanced a variety of reasons why his employment compensation is not subject to AGIT. For purposes of this decision, Lacey's second and third (*Lacey III*) appeals are relevant.

On May 16, 2011, while this appeal was pending, the Court issued its opinion in Lacey's second appeal, holding that his 2007 income was subject to AGIT. *Lacey v. Indiana Dep't of State Revenue (Lacey II)*, 948 N.E.2d 878, 882 (Ind. Tax Ct.2011). In the conclusion of the opinion, the Court noted that it marked the third time the Court had rejected the claim that one's employment compensation does not constitute income subject to AGIT and that both the federal courts and the Internal Revenue Service have deemed claims similar to Lacey's as frivolous and sanctionable. *Id.* Accordingly, the Court warned that "in the future, when a taxpayer advances the same (or a substantially similar) argument, the Court will not hesitate to consider whether an award of attorney fees is appropriate." *Id.*

A month later on June 15, Lacey filed two motions: the first asked the Court to take judicial notice of the Indiana Supreme Court's decision in *Miles v. Department of Treasury*, 209 Ind. 172, 199 N.E. 372 (1935), and the second asked the Court for a rehearing to reconsider its *Lacey II* decision in light of the *Miles* case. On June 20, the Court took judicial notice of *Miles*, but denied Lacey's petition for rehearing.

On August 26, the Court held a hearing on the Department's motion to dismiss in the *Lacey III* appeal. At the beginning of the hearing, the Court reminded Lacey that if he intended to heed the warning contained in the conclusion of the *Lacey II* opinion, he must clearly identify whether and how the claims he was currently litigating were different from those he previously made. (*See* Mot. Dismiss Hr'g Tr. at 11–13, 25–26.)

On August 31, the Court granted the Department's motion to dismiss because the facts, issues, and arguments that Lacey asserted were substantially the same as those presented and resolved in *Lacey*

---

1. The Department also seeks fees in accordance with the obdurate behavior exception to the "American Rule." The obdurate behavior exception, however, "provides a remedy [only] for defendants who are dragged into baseless litigation." *Cf., Kikkert v. Krumm*, 474 N.E.2d 503, 505 (Ind.1985) *with* Ind. Code § 34–52–1–1(b) (2011) (allowing both plaintiffs and defendants to recover attorney fees). Accordingly, the Court will address the applicability of attorney fees under Indiana Code § 34–52–1–1. *See State Bd. of Tax Comm'rs v. Town of St. John*, 751 N.E.2d 657, 659 (Ind.2001) (explaining that the obdurate behavior exception to the "American Rule" has been codified in Indiana Code § 34–52–1–1).

2. *See generally Lacey v. Indiana Dep't of State Revenue (Lacey I)*, 894 N.E.2d 1113 (Ind. Tax Ct.2008), *review denied* (regarding 2006); *Lacey v. Indiana Dep't of State Revenue (Lacey I Interim Order)*, No. 49T10–0711–TA–70, slip, op., 2008 WL 1103786 (Ind. Tax Ct. Apr. 11, 2008) (granting, in part, the Department's first motion for judgment on the pleadings); *Lacey v. Indiana Dep't of State Revenue (Lacey II)*, 948 N.E.2d 878 (Ind. Tax Ct.2011) (regarding 2007); *Lacey v. Indiana Dep't of State Revenue (Lacey II Interim Order)*, No. 49T10–0906–TA–25, slip op., 2009 WL 3426348, at *5 (Ind. Tax Ct. Oct. 26, 2009) (holding, inter alia, that Lacey was not entitled to a jury trial); *Lacey v. Indiana Dep't of State Revenue (Lacey III)*, 954 N.E.2d 536 (Ind. Tax Ct.2011) (regarding 2008).

*II. See Lacey III,* 954 N.E.2d at 537–38. On October 6, the Department filed its Motion for Attorneys' Fees (Motion), and on November 14, the Court conducted a hearing on the matter. Additional facts will be supplied as necessary.

## LAW

■■■ Indiana's courts generally follow the "American Rule," whereby each party to a lawsuit bears its own legal fees and expenses unless there is a statute, a rule, or an agreement between them that provides otherwise. *Siwinski v. Town of Ogden Dunes,* 949 N.E.2d 825, 832 (Ind.2011). Indiana Code § 34–52–1–1 provides an exception to this common law rule:

(a) In all civil actions, the party recovering judgment shall recover costs, except in those cases in which a different provision is made by law.

(b) In any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if the court finds that either party:

(1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;

(2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or

(3) litigated the action in bad faith.

IND.CODE § 34–52–1–1(a)–(b) (2011). This exception must be applied in a manner that gives effect to its purpose: fairly balancing a litigant's access to court, deterring unnecessary and unwarranted litigation, and allowing an attorney to be a zealous advocate. *See Kahn v. Cundiff,* 533 N.E.2d 164, 170 (Ind.Ct.App.1989),

*aff'd by* 543 N.E.2d 627, 629 (Ind.1989). Courts, therefore, must view allegations of "frivolous, unreasonable, or groundless" claims with suspicion. *Mitchell v. Mitchell,* 695 N.E.2d 920, 925 (Ind.1998).

## ANALYSIS

■■■ One issue in this case is dispositive: whether an award of attorneys' fees is warranted under Indiana Code § 34–52–1–1 because Lacey continued to litigate his 2008 AGIT claim after it clearly became frivolous?[3] A claim is "frivolous" if:

(a) [ ] it is taken primarily for the purpose of harassing or maliciously injuring a person, or (b) if the lawyer is unable to make a good faith and rational argument on the merits of the action, or (c) if the lawyer is unable to support the action taken by a good faith and rational argument for an extension, modification, or reversal of existing law.

*Kahn,* 533 N.E.2d at 170. A claim is not frivolous, however, if it presents an issue of first impression, "even if 'rudimentary legal reasoning' would have led a person to believe the Indiana courts probably would rule against the person raising the claim." *In re Visitation of A.R.,* 723 N.E.2d 476, 480 (Ind.Ct.App.2000) (citation omitted). Nonetheless, "[t]he threshold for frivolity should not be so low that it imposes a tax on responding parties, obligating them to spend money answering baseless claims as a way of encouraging others to be novel." *Orr v. Turco Mfg. Co.,* 512 N.E.2d 151, 154 (Ind.1987) (Shepard, C.J., concurring).

The Department contends that it is entitled to an award of attorney fees because Lacey continued to pursue his claim in *Lacey III,* reiterating the same arguments

---

**3.** The Department also claimed that Lacey continued to litigate his claim that he was entitled to a jury trial after it became frivolous. (*See* Mot. Fees Hr'g Tr. at 5–7.) The Department's claim, however, is waived be-cause the Department did not develop it. *See Scopelite v. Indiana Dep't of Local Gov't Fin.,* 939 N.E.2d 1138, 1145 (Ind. Tax Ct.2010) (explaining that poorly developed and non-cogent arguments are subject to waiver).

that proved unsuccessful in *Lacey II*, when any other reasonable attorney would have simply withdrawn the claim. (*See* Mot. Fees Hr'g Tr. at 5, 7.) The Department explains that Lacey should have known that his continued pursuit of this claim was improper for three reasons: 1) the same rationale was argued and resolved in *Lacey II*, 2) the Court cautioned in *Lacey II* that advancing substantially similar arguments could trigger an award of attorneys' fees, and 3) the Court reminded Lacey of the possible consequences of pursuing previously resolved arguments during the hearing on the motion to dismiss.[4] (*See* Mot. Fees Hr'g Tr. at 7; Resp't Mot. Att'ys' Fees ¶¶ 21–23, 26–27 (footnote added).)

Lacey responds that in the *Lacey II* appeal he submitted the *Miles* case "at the end of the game," post-decision; therefore, its significance was not fully argued or considered in that case. (*See* Mot. Dismiss Hr'g Tr. at 11–12, 23–24.) Lacey explains, however, that *Miles* was the "major backing" for his 2008 AGIT claim, making it substantially different from that advanced in *Lacey II*. (*See* Mot. Fees Hr'g Tr. at 15–16; Mot. Dismiss Hr'g Tr. at 15–16.) Moreover, Lacey contends that an "award [of] attorney fees to the State[ would] put[ ] a chilling effect on anybody else wanting to make the claim using that case or using Indiana Supreme Court rulings as a basis for their claim, because the Department never addressed why that was . . . or how that is frivolous." (Mot. Fees Hr'g Tr. at 16.) The Court disagrees.

The Indiana Supreme Court explained that

> [c]ommencing an action against a particular party will less often be frivolous, unreasonable, or groundless than continuing to litigate the same action. Because of the system of notice pleading and pretrial discovery, commencement of an action may often be justified on relatively insubstantial grounds. Thorough representation will sometimes require a lawyer to proceed against some parties solely for the purpose of investigation through pre-trial discovery. In such cases, counsel is expected to determine expeditiously the propriety of continuing such action and to dismiss promptly claims found to be frivolous, unreasonable, or groundless.

*Kahn*, 543 N.E.2d at 629. Lacey is governed by this same expectation to expeditiously determine the propriety of continuing litigation because *pro se* litigants are held to the same rules and standards as licensed attorneys. *See Goossens v. Goossens*, 829 N.E.2d 36, 43 (Ind.Ct.App.2005).

Lacey has acknowledged that his claim in *Lacey III* was the same or substantially similar to that presented in his then pending second tax appeal, *Lacey II*. (*See* Pet'r Mem. Supp. Mot. Opp'n Resp't Mot. Dismiss at 1–2, 7, Mar. 25, 2011.) Thus, after the Court took judicial notice of *Miles* and determined, after considering *Miles*, that the *Lacey II* decision should stand, Lacey should have dismissed the case, as would any other reasonable attorney.[5] Instead, Lacey chose to pursue the same claim and

---

4. The Department also argued that Lacey should pay its attorneys' fees because his 2008 AGIT claim was unreasonable and litigated in bad faith. (*See* Resp't Mot. Att'ys' Fees ¶¶ 10–27.) The Court will not consider these claims, as the claim that Lacey continued litigation after his claim became frivolous is dispositive.

5. Lacey had several opportunities to do so. For instance, he could have dismissed this action after the Court denied his petition for rehearing in *Lacey II*, after the Court held the case management conference in this action, or during the course of the hearing on the motion to dismiss.

advance the same arguments as he did in *Lacey II*. *See Lacey III*, 954 N.E.2d at 537–38.

While Indiana's "legal process 'must invite, not inhibit, the presentation of *new* and *creative* argument' to enable the law to grow and evolve[,]" the General Assembly enacted Indiana Code § 34–52–1–1 in order to discourage needless litigation. *Mitchell*, 695 N.E.2d at 925 (citation omitted) (emphases added).[6] Given the totality of the facts in this case, the Court must conclude that Lacey continued to pursue his claim when any reasonable attorney would have understood that the claim was frivolous.

Furthermore, all three of Lacey's original tax appeals have advanced classic tax protestor arguments. Indeed, this Court has heard and disposed of many of these arguments in prior cases.[7] Moreover, other courts have found tax protestor arguments frivolous, reasoning that their proponents did not make good faith, rational arguments for an extension, reversal, or modification of existing law.[8] *See Lacey II*, 948 N.E.2d at 882 (footnote added). Consequently, tax protestors are often subject to court sanctions for needlessly draining the resources of their adversaries and the judicial system.[9] Because Lacey failed to make a good faith or rational argument for the extension, modification, or reversal of existing law with respect to his 2008 AGIT claim, the Court finds that an award of attorney fees under Indiana Code § 34–52–1–1(b)(2) is proper.

### Amount

 The Court has broad discretion in determining what constitutes a reasonable attorney fee. *See Chicago Southshore & South Bend R.R. v. Itel Rail Corp.*, 658 N.E.2d 624, 634 (Ind.Ct.App.1995) (citation omitted). The judge of this Court is considered an expert in that regard and, as a result, may judicially know what constitutes a reasonable fee and need not completely rely on the evidence presented to support the requested fee. *See Canaday*

---

6. *See also, e.g., Countrywide Home Loans, Inc. v. Rood*, 784 N.E.2d 1050, 1055–56 (Ind.Ct. App.2003) (upholding award of attorneys' fees when plaintiff agreed to dismiss defendant from the lawsuit, but then continued to litigate the action against him for over a year), *trans. denied; In re Marriage of Duke*, 552 N.E.2d 504, 506–07 (Ind.Ct.App.1990) (concluding that an award of attorneys' fees was appropriate under Indiana Code § 34–52–1–1 when a recently issued case clearly contravened an attorney's continued argument), *trans. denied.*

7. *See generally, e.g., Snyder v. Indiana Dep't of State Revenue*, 723 N.E.2d 487 (Ind. Tax Ct.2000), *review denied; Thomas v. Indiana Dep't of State Revenue*, 675 N.E.2d 362 (Ind. Tax Ct.1997); *Richey v. Indiana Dep't of State Revenue*, 634 N.E.2d 1375 (Ind. Tax Ct.1994).

8. *See* Internal Revenue Service, *The Truth About Frivolous Tax Arguments*, Sec. I at 7–10, 13–18, 26–28, 29–31, 36–40 (2011), http://www.irs.gov/pub/irs-utl/friv_tax.pdf (deeming the following arguments, which were all raised in one or more of Lacey's three appeals, frivolous: 1) "Taxpayers can reduce their federal income tax liability by filing a 'zero return[,]' " 2) "Wages, tips, and other compensation received for personal services are not income[,]" 3) "The 'United States' consists of only the District of Columbia, federal territories, and federal enclaves[,]" 4) "The only 'employees' subject to federal income tax are employees of the federal government[,]" 5) "The Sixteenth Amendment to the United States Constitution was not properly ratified, thus the federal income tax laws are unconstitutional[,]" and 6) "The Sixteenth Amendment does not authorize a direct non-apportioned federal income tax on United States citizens."

9. *See generally, e.g., Szopa v. United States*, 460 F.3d 884 (7th Cir.2006); *Stearman v. Commissioner*, 436 F.3d 533 (5th Cir.2006), *cert. denied; McNair v. Eggers*, 788 F.2d 1509 (11th Cir.1986); *Kile v. Commissioner*, 739 F.2d 265 (7th Cir.1984); *Parker v. Commissioner*, 724 F.2d 469 (5th Cir.1984).

*v. Canaday,* 467 N.E.2d 783, 785 (Ind.Ct. App.1984) (citation omitted).

The Department submitted an Affidavit of Costs and Attorneys' Fees for $5,600.98. More specifically, the Department explains that between February 3, 2011, and August 26, 2011, its attorneys and support staff spent twenty-five (25) hours working on this case.[10] (*Cf.* Mot. Fees Hr'g Tr. at 14 *with* Aff. Costs and Att'ys' Fees ¶ 5 (footnote added).) An award of attorney fees for that full period is, however, not proper.

Lacey's continued litigation of his 2008 AGIT claim clearly became frivolous on June 20, 2011, when this Court denied his petition for rehearing in *Lacey II.* Thus, the measure of attorneys' fees in this case should reflect only those expenses incurred after that date. *See Brant v. Hester,* 569 N.E.2d 748, 755 (Ind.Ct.App.1991) (providing that "[a]n award of attorney fees is appropriately limited to those fees incurred because of the basis underlying the award"). The Court finds that an award of $1,600 of attorneys' fees is appropriate.[11]

## CONCLUSION

For the above-stated reasons, the Court GRANTS the Department's Motion. Consequently, the Court ORDERS Lacey to remit payment to the Clerk of the Tax Court within thirty (30) days of the issuance of this Order.

SO ORDERED.

---

**10.** Specifically, the Department's affidavit stated that its attorneys drafted, reviewed, and responded to sixty-eight (68) e-mails; reviewed internal archived materials from Lacey's first and second tax appeals; and, for this appeal, drafted pleadings, motions, briefs, attended a case management conference, and prepared for and attended the motion to dismiss hearing. (*See* Aff. Costs and Att'ys' Fees ¶ 5.) The affidavit further indicated that the Department's attorneys spent an unspecified amount of time researching on Westlaw. (*See* Aff. Costs and Att'ys' Fees ¶ 5.)

**11.** The Department did not quantify its attorneys' fees on a monthly basis; therefore, the Court has done so, as follows: $5,600 ÷ 7 months (*i.e.,* the full period) = $800/month; $800 × 2 (*i.e.,* the frivolous period) = $1,600.